## A89A0093. GORDON v. THE STATE.
### (379 SE2d 221)

Banke, Presiding Judge.

The appellant entered a guilty plea to a charge of forgery in the first degree and was thereupon sentenced to ten years imprisonment, which is the maximum penalty for the offense. See OCGA § 16-9-1 (b). She contends on appeal that the sentence was disproportionate to the offense and that the trial court erred in refusing to allow her to withdraw her guilty plea after its oral pronouncement. *Held*:

1. This court is not empowered to modify a sentence which is within the statutory limits for the offense. See *Doby v. State*, 173 Ga. App. 348 (7) (326 SE2d 506) (1985); *Thomas v. State*, 139 Ga. App. 364 (228 SE2d 386) (1976). " 'Any question as to the excessiveness of a sentence, which in this case was within the legal limits, should be addressed to the appropriate sentence review panel.' [Cits.]" *Robinson v. State*, 150 Ga. App. 642 (7) (258 SE2d 294) (1979).

2. In *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980), the Supreme Court held that oral pronouncement of a sentence by the trial court following the entry of a guilty plea ends the right of the defendant to withdraw the plea pursuant to OCGA § 17-7-93 (b), provided the following protections were afforded the defendant prior to the pronouncement of sentence: "[A]t the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant. Further, if the trial court intends to reject said plea agreement, the trial court shall, on the record, inform the defendant personally that (1) the trial court is not bound by any plea agreement, (2) the trial court intends to reject the plea agreement presently before it, (3) the disposition of the present case may be less favorable to the defendant than that contemplated by the plea agreement, and (4) that the defendant may then withdraw his or her guilty plea as a matter of right." Id. at 456.

A review of the sentencing transcript in the present case reveals that the trial court failed to follow the foregoing requirements prior to announcing its sentence. Consequently, we hold that the trial court erred in refusing to allow the appellant to withdraw her plea.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 21, 1989.

*Fleming, Blanchard & Bonner, Bradley J. Patten,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.