A91A1520. WILLIAMS v. THE STATE.
(411 SE2d 118)

BIRDSONG, Presiding Judge.

Dewight Williams was convicted by a jury of one count of violating the Georgia Controlled Substances Act by possession of cocaine and sentenced to serve eight years in prison. On appeal he contends that the trial court's failure to require the prosecutor to declare ready or not ready for trial as directed by OCGA § 17-7-172, operated to deny him due process of law by depriving him of the opportunity to change his plea from not guilty to guilty. *Held*:

The record reveals that Williams was arraigned on March 11,

1991, and his appointed counsel entered a plea of not guilty. The case was called for trial in Brooks County on April 22, 1991, at which time defense counsel announced that Williams was not present because he was purported to be in jail in Valdosta. A bench warrant was issued and Williams was subsequently arrested and brought for trial in Brooks County Superior Court on April 25, 1991. Defense counsel argues in his brief that Williams expressed a desire to enter a plea of guilty to the charge after he was incarcerated on the bench warrant, and that counsel *intended* to make this announcement on his behalf as soon as court opened on April 25, even though no prior announcement had been made by the State. Whatever his intentions, however, there is no indication in the record that counsel objected to any alleged statutory violation or raised this issue in the court below.

" ' "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal." (Cit.) Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. (Cit.) Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review. (Cit.)' [Cits.]" *Holland v. State*, 197 Ga. App. 496, 497 (1) (398 SE2d 810). At bottom, the complaint here seems to stem from appellant's perception that he was prejudiced by the denial of his alleged right to plead guilty (but see *Harris v. State*, 175 Ga. App. 134, 135 (332 SE2d 685)), because he speculates that he might have received a more lenient sentence. This is a question which might be addressed to the appropriate sentence review panel. See *Gordon v. State*, 190 Ga. App. 414 (1) (379 SE2d 221).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 30, 1991.

*Augustus B. Jones III*, for appellant.
*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.