## A91A2217. CARROLL v. THE STATE.
(416 SE2d 354)

ANDREWS, Judge.
Carroll was charged with speeding, driving with license in suspension, driving under the influence and improper passing. He pled guilty to the first two charges and was tried in a bench trial and convicted of driving under the influence and improper passing.

Evidence adduced below established that on November 16, 1990, Carroll was driving 69 mph through a 50 mph zone in Rockdale County when he passed another vehicle in a no-passing zone and was pulled over by Deputy Witcher of the Rockdale County Sheriff's Department. In response to inquiry, Carroll showed the officer his insurance card and when asked for his license, Carroll admitted that it had been suspended.

While talking to Carroll, Deputy Witcher detected a strong odor of alcohol and asked Carroll if he had been drinking. Carroll admitted that he had consumed several beers and then consented to a field sobriety test. When he was unable to perform these tests satisfactorily, he was placed under arrest for driving under the influence of alcohol, speeding and improper passing. Upon being put under arrest, Carroll was placed in the patrol car and read the implied consent provisions. During the drive to the jail, Deputy Witcher confirmed through a computer check that Carroll's license had been suspended. The charges against Carroll were then amended to include the charge of driving while license suspended.

In his enumerations of error, Carroll claims that the trial court erred in denying his motion in limine/motion to suppress and in allowing evidence of statements and acts before he was given warnings pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Further, Carroll argues that in the absence of the illegally obtained evidence there was no probable cause for his arrest for the charge of driving under the influence.

"Only in-custody statements by the accused give rise to the is-

sues of voluntariness and the *Miranda* warnings. The test for determining whether a person is in custody at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. Police officers at the scene of a traffic stop may conduct a general on-the-scene investigation, which may even require that persons be temporarily detained, without such being classified as custodial interrogation." (Citations and punctuation omitted.) *Metheny v. State*, 197 Ga. App. 882, 884 (400 SE2d 25) (1990).

In an attempt to characterize the traffic stop here as custodial, Carroll argues that he was stopped by the police prior to November 16, 1990 and warned at that time that he would be arrested if he was apprehended again while driving with his license suspended. Because of the information from this previous stop, Carroll claims that from the moment he admitted to Deputy Witcher that his license was suspended, Carroll was aware that he would be arrested. Citing *Berkemer v. McCarty*, 468 U. S. 420 (104 SC 3138, 82 LE2d 317) (1984), and *Hughes v. State*, 259 Ga. 227 (378 SE2d 853) (1989), Carroll argues that because he understood that his offense would result in arrest, the traffic stop became a custodial interrogation. Secondly, Carroll argues that the officer had sufficient grounds for arresting him prior to administering the field sobriety tests and that therefore, *Miranda* warnings were mandated before such tests could be performed.

We note at the outset that the situation here differs significantly from that in *Hughes* in that here there was no evidence that Deputy Witcher indicated to Carroll in any manner that he was not free to leave, or that the stop would be anything other than temporary. In contrast to *Hughes*, in the instant situation, Deputy Witcher did not detain Carroll for several minutes while waiting for the arrival of additional officers, but administered the field sobriety test immediately after detecting the alcoholic odor.

Turning to Carroll's arguments, we find them without merit. First, in its most basic form, Carroll's argument is that any traffic stop becomes a custodial interrogation if the person stopped is aware that he has committed a crime for which he could be imprisoned. Clearly, this interpretation stretches the reasonable man standard from *Berkemer* beyond its intended meaning. Additionally, Carroll's assertion that Deputy Witcher was certain that Carroll's license was suspended (and that he would be arrested) prior to performing the field sobriety tests is not supported by the record. Although Deputy Witcher testified that he planned on arresting Carroll if the check on the license confirmed that it was suspended, he also testified that he did not perform the computer check on the license until driving to the police station, at which time the charges against Carroll were amended to include the charge of driving with a suspended license.

The trial court's determination that Carroll was not in custody

prior to the time of the officers' decision to arrest here is not clearly erroneous and will not be disturbed on appeal. See *Magher v. State*, 199 Ga. App. 508 (405 SE2d 327) (1991); *Crum v. State*, 194 Ga. App. 271 (390 SE2d 295) (1990); *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1992.

*William Schneider,* for appellant.
*Nancy N. Bills, Solicitor,* for appellee.