S92A0300. BANKS v. THE STATE.
(415 SE2d 634)

CLARKE, Chief Justice.

The appellant, Angelo Bernard Banks, was convicted of the malice murder of Brenda Louise Wheeler and sentenced to life imprisonment. Additionally Banks was convicted of the burglary of the victim's residence, for which he received a 20-year consecutive sentence.[1]

The record in this case shows that the victim was bound, stabbed, and beaten in the head with a hammer during a burglary of her home. The appellant's fingerprints were found on the window

---

[1] The crimes were committed on October 6, 1988. An indictment was returned against the appellant on September 22, 1989. Trial commenced on September 10, 1990. The jury returned a verdict and the appellant was sentenced on September 14, 1990. Appellant's out-of-time motion for new trial was filed on August 22, 1991. The trial court allowed the motion to be filed, but denied the motion for new trial on September 16, 1991. The appeal was docketed in this court on December 5, 1991, and submitted on briefs on January 17, 1992.

through which entry to the house had been gained, and on the meter box which had been removed to cut off power to the house. Additionally, the appellant's fingerprints were discovered throughout the victim's home.

A police search of the appellant's home, made pursuant to a search warrant, uncovered a stereo turntable which belonged to the victim. A VCR belonging to the victim was discovered during the search of a car belonging to appellant's girl friend. Fibers from the appellant's clothing were consistent with fibers found on the victim. The appellant's accomplice, Mario Mack, testified for the state that he acted as a lookout during the burglary. He further testified that when he saw the victim drive up to the house, he ran away. According to Mack, the appellant later stated that he had tied the victim up, but that he did not kill her.

1. Construed in the light most favorable to the prosecution, a rational trier of fact could find the appellant guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At the time of her death, the victim was estranged from her husband, Charles Wheeler. Six months after the murder, a woman filed a petition for divorce against Charles Wheeler, seeking the dissolution of their common-law marriage. In this petition Wheeler's common-law wife alleged that he was physically abusive and addicted to drugs.

At his trial appellant sought to admit this petition for divorce, arguing that it tended to show that Charles Wheeler had a violent nature and thus could have murdered the victim. The appellant maintained that Wheeler's common-law wife could not be located to testify. The trial court excluded the document on the ground that it contained hearsay. On appeal, appellant argues that the exclusion of this document prejudiced his defense.

This allegation was, at best, of marginal relevance, and was clearly subject to rejection by the trial court in the exercise of its sound legal discretion. See generally Strong, McCormick on Evidence (4th ed. 1992), § 185, pp. 782-783. It was equally within the trial court's discretion to conclude that this hearsay did not meet the "necessity" test. Compare *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) and *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991).

3. The trial court's charge to the jury on the appellant's election not to testify at trial was not error. The trial court's failure to charge the exact language requested is not a ground for reversal, as the charge given substantially covered the principles of the requested charge. *Myers v. State*, 260 Ga. 412, 413 (395 SE2d 811) (1990).

4. The search warrant obtained for appellant's premises authorized police to search for "blood stains, clothes . . ., an ice pick . . . and

any other tangible evidence of murder." During the search officers found a stereo turntable belonging to the victim under the appellant's bed. Appellant maintains this evidence should have been suppressed because it was outside the scope of the search warrant.

The record shows that the victim's house was "ransacked" when the victim's body was discovered. At the time the search warrant was sought it was not clear what items had been taken from the victim's home. During the search of appellant's premises, officers recognized the turntable as a matching component of the victim's stereo system.

An officer conducting a lawful search is not precluded from seizing tangible evidence of the commission of a crime even though that evidence is not specifically listed in the search warrant. *Felker v. State*, 252 Ga. 351, 371 (314 SE2d 621) (1984). The appellant's contention is without merit.

5. Appellant argues the trial court erred in denying his motion to suppress the VCR seized from the car of his girl friend because police did not obtain a warrant for the search.

The record shows that appellant's girl friend, the owner of the car, gave written consent to search it. Further, as appellant has no proprietary interest in the car, he lacks standing to challenge the search of it. *McKenzie v. State*, 248 Ga. 294 (6) (282 SE2d 95) (1981).

6. Last, appellant maintains the trial court erred in denying his motion to suppress evidence demonstrating that his fingerprints were found at the crime scene. Appellant maintains that because the physical objects from which his fingerprints were removed were left at the scene of the crimes, he was denied the opportunity to have an independent examination of his fingerprints.

The state's expert testified that when a fingerprint is lifted from an object, the entire print is removed, leaving a "clean surface." The expert further testified that because fingerprints are fragile, they are removed from an object at the scene of the crime, if possible. The record shows that appellant had access to the objects from which the fingerprints were lifted as well as the fingerprint evidence. Additionally, counsel for appellant interviewed the state's fingerprint expert prior to trial. Under these facts we cannot say that appellant was denied an opportunity for an independent examination of the fingerprint evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1992.

*Megan C. DeVorsey*, for appellant.

*Lewis R. Slaton*, District Attorney, *Nancy A. Grace*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Mary H. Hines*, Staff At-

*torney,* for appellee.

