## A92A1265. ROBINSON et al. v. MOONRAKER ASSOCIATES, LTD. et al.
(423 SE2d 44)

Sognier, Chief Judge.

Robin and Donna Robinson brought suit against Moonraker Associates, Ltd. and others seeking damages for Robin Robinson's injuries and Donna Robinson's loss of consortium. No answer was timely filed, and a default judgment was entered in favor of the Robinsons

for $96,976. Subsequently, during the same term of court, the defendants filed a motion to set aside the default judgment, which was granted, and the trial court then opened the default pursuant to OCGA § 9-11-55 (b) and allowed the defendants to file an answer. After discovery, the defendants' motion for summary judgment was granted, and the Robinsons appeal.

In their sole enumeration of error, appellants contend the trial court erred by granting appellees' motion to set aside the default judgment because appellees had not paid costs as required by OCGA § 9-11-55 (b). We note initially that the provisions of OCGA § 9-11-55 (b) apply only to opening a default before judgment has been entered. *Allen v. Nash*, 195 Ga. App. 597, 598 (1) (394 SE2d 395) (1990). Nevertheless, since in their argument appellants do not challenge the trial court's action in setting aside the default judgment, but see *McCoy Lumber Co. v. Garland Lumber Sales*, 182 Ga. App. 75, 76 (354 SE2d 686) (1987) (trial court has discretion during same term of court to set aside default judgment), we will construe appellants' enumeration as a challenge to the trial court's opening the default after setting aside the default judgment.

"Once a default judgment is set aside, the case returns to the posture it occupied prior to the entry of the default judgment, which posture is usually that of being in default. [Cits.] It is at this point that the procedure for opening default, set out in OCGA § 9-11-55 (b), is set into motion." *P. H. L. Dev. Corp. v. Smith*, 174 Ga. App. 328-329 (1) (329 SE2d 545) (1985). Appellants note correctly that under OCGA § 9-11-55 (b) one seeking to open a default must pay costs. The record, as supplemented, shows that costs were not paid until well after the date on which the trial court allowed appellees to open the default. However, it is well established that "[a] question not raised and passed upon in the trial court presents nothing to review," *Yield, Inc. v. City of Atlanta*, 145 Ga. App. 172-173 (244 SE2d 32) (1978), and the record reveals that appellants failed to raise this issue in opposition to the trial court's opening the default. Moreover, during the nearly nine months between the date the default was opened and the trial court's grant of appellees' motion for summary judgment appellants further acquiesced in the ruling by participating fully in discovery in the ongoing case. "[T]his court has held that no matter how erroneous the ruling might have been (and we express no opinion on this question), a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. Failure to object to the procedure amounts to waiver." (Citations and punctuation omitted.)

*Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 480 (1) (a) (382 SE2d 150) (1989). Accordingly, as appellants have not preserved their right to complain of the trial court's action in opening the default despite appellees' failure to pay costs, we are precluded from reviewing the action complained of. Id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 28, 1992.

*Donald W. Johnson,* for appellants.
*McLain & Merritt, William S. Sutton,* for appellees.