### A92A2035. TIBBS v. THE STATE.
(427 SE2d 603)

JOHNSON, Judge.

Peggy Tibbs appeals from her convictions of driving under the influence of alcohol, driving without a license on her person and improper use of a lane.

1. Tibbs contends that the court erred in denying her motion to suppress a statement she made at a traffic stop without having been advised of her rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). "Only in-custody statements by the accused give rise to the issues of voluntariness and the *Miranda* warnings. The test for determining whether a person is in custody at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. Police officers at the scene of a traffic stop may conduct a general on-the-scene investigation, which may even require that persons be temporarily detained, without such being classified as custodial interrogation." (Punctuation omitted.) *Carroll v. State*, 203 Ga. App. 22, 23 (416 SE2d 354) (1992). The officer in the instant case stopped a pickup truck after seeing it swerve across the centerline and onto the shoulder of a two-lane road. Tibbs got out of the driver's side of the truck and approached the officer. She walked unsteadily, smelled of alcohol and told the officer that she did not have her driver's license with her. The officer asked Tibbs how many drinks she had consumed and she said "a few drinks." Under these circumstances, the trial court's finding that Tibbs' statement was not the result of a custodial interrogation, but was merely part of a general on-the-scene investigation, is not clearly erroneous and therefore will not be disturbed. *Crum v. State*, 194 Ga. App. 271 (390 SE2d 295) (1990); *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988).

2. Tibbs avers that the court erred in allowing the officer to tes-

tify that she failed an "alco-sensor" test administered at the scene of the traffic stop. The officer, however, did not testify as to the amount of alcohol in Tibbs' blood as shown by the alco-sensor test and the State did not attempt to use the officer's testimony concerning this test to establish Tibbs' degree of intoxication. The trial court therefore did not err by allowing such testimony, and the field test was not governed by the limitations set forth in OCGA § 40-6-392 (a). *Riley v. State*, 175 Ga. App. 810 (1) (334 SE2d 863) (1985); *Magher v. State*, 199 Ga. App. 508, 509 (3) (405 SE2d 327) (1991).

3. Tibbs claims that the court erred in admitting evidence of her intoximeter test results, showing that her blood-alcohol level was .16 grams percent, because the State failed to present competent evidence that the officer who administered the test was certified to operate the intoximeter machine. The officer testified that he used intoximeter machine IR3000 to administer the test and that he was certified by the Georgia Bureau of Investigation (GBI) to operate such a machine. The State introduced into evidence a copy of his certification from the GBI. Tibbs claims that this copy was barred by the best evidence rule and that the State should have been required to introduce the original document of certification. The officer's testimony and the copy of his certification were admissible and sufficient to establish that he had been issued a permit to operate the machine. *Williamson v. State*, 194 Ga. App. 439, 441 (5) (390 SE2d 658) (1990); *Drayton v. State*, 175 Ga. App. 803, 805-806 (5) (334 SE2d 720) (1985); *Clarke v. State*, 170 Ga. App. 852 (319 SE2d 16) (1984). Accordingly, the court did not err in admitting evidence of the intoximeter test results.

4. Tibbs argues that the court, by questioning the officer, improperly expressed its opinion as to the reliability, and unduly emphasized the results of the intoximeter test taken by Tibbs. No such objection was made at trial and therefore this issue may not be raised for the first time on appeal. *Williams v. State*, 201 Ga. App. 383, 384 (411 SE2d 118) (1991).

5. Tibbs enumerates that it was improper for the jury to disregard her explanation that she was driving because of an emergency. To the extent that this enumeration can be considered a challenge to the sufficiency of the evidence, it is without merit. The jury was not required to accept Tibbs' explanation and, having reviewed the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Tibbs guilty of the charges beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Cape v. State*, 165 Ga. App. 825 (303 SE2d 77) (1983).

In support of this enumeration, Tibbs also claims that the court erred in giving the State's fifth requested jury charge that driving

under the influence of alcohol is prohibited regardless of the distance actually driven. "[S]uch claim may not be considered because enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration." (Citations and punctuation omitted.) *Loyd v. State*, 202 Ga. App. 1, 2 (1) (c) (413 SE2d 222) (1991). Furthermore, the record does not show that such an objection was properly preserved for appellate review. *Rodriguez v. State*, 202 Ga. App. 550 (1) (415 SE2d 41) (1992).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 5, 1993.

*William O. Cox*, for appellant.

*Spencer Lawton, Jr., District Attorney, James J. Cairns III, Assistant District Attorney*, for appellee.