A93A1090. HARDWICK v. THE STATE.
(436 SE2d 676)

JOHNSON, Judge.

Bobby Hardwick appeals from his conviction of obstruction of a law enforcement officer.

1. Hardwick's challenge to the sufficiency of the evidence is without merit. The evidence shows that a police officer asked Hardwick's daughter to move the car she was sitting in because it was improperly parked in a fire lane in front of a grocery store. Several minutes later, Hardwick confronted the officer outside the store and began screaming at him for having made Hardwick's daughter move the car. The officer told Hardwick that he was creating a disturbance and repeat-

edly asked him to leave the store area. The officer warned Hardwick that if he did not leave he would be charged with disorderly conduct. Hardwick refused to leave and continued yelling at the officer. The officer then told Hardwick that he was under arrest. Hardwick walked away from the officer. The officer followed Hardwick, again told him that he was under arrest and attempted to handcuff him. Hardwick pushed the officer, tried to run away from him and threatened to physically hurt him. Hardwick ran into the store where he continued screaming and struggling with the officer. The officer finally apprehended Hardwick inside the store with the assistance of a store employee. Reviewing this evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Hardwick guilty beyond a reasonable doubt of obstruction of a law enforcement officer. OCGA § 16-10-24; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hardwick argues that the court erred in denying his motion to dismiss the charges because he was not advised of his *Miranda* rights. This argument is without merit because the appropriate remedy for a *Miranda* violation is the suppression of in-custody statements, not dismissal of the charges. See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). "*Miranda* warnings are required only when a law enforcement officer initiates questioning of an individual who has been taken into custody or otherwise significantly deprived of his freedom." (Citations, punctuation and emphasis omitted.) *State v. Walker*, 204 Ga. App. 1, 2 (418 SE2d 384) (1992). "Only in-custody statements by the accused give rise to the issues of voluntariness and the *Miranda* warnings." (Citations and punctuation omitted.) *Carroll v. State*, 203 Ga. App. 22, 23 (416 SE2d 354) (1992). Hardwick has not pointed to any improper questioning by the police or any in-custody statements which would give rise to the issue of *Miranda* warnings. The court did not err in denying the motion to dismiss the charges.

3. Hardwick's contention that the court erred in denying his motion to dismiss the charges due to alleged conflicts in the testimony of the arresting officer is specious as it is the function of the jury to determine the credibility of the witnesses and to resolve any conflicts presented by the evidence. OCGA § 24-9-80; *Walker v. State*, 204 Ga. App. 694 (420 SE2d 375) (1992).

4. Hardwick complains that during voir dire the trial court improperly limited both his questioning of the jury pool and his number of peremptory challenges. "When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter." (Citations and punctuation omitted.) *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 4 (3) (421 SE2d 113) (1992). As the record does not contain a transcript of the

voir dire proceedings, Hardwick has not met his burden and we are unable to consider the merits of these complaints.

5. Hardwick's claim that the court erred in denying his motion for discovery of the State's evidence is wholly without merit as the record clearly shows that the State provided Hardwick with all of the evidence in its possession.

6. Hardwick contends that the grocery store employee who helped the arresting officer apprehend Hardwick improperly placed Hardwick's character in evidence by testifying that he smelled alcohol on Hardwick's breath. Hardwick did not object to this testimony at trial and therefore cannot raise the objection for the first time on appeal. *Dukes v. State*, 205 Ga. App. 678 (1) (423 SE2d 295) (1992). Even if the issue were properly before us, it is without merit as the evidence was admissible as part of the res gestae of the offense and to show the circumstances of Hardwick's arrest. *Sosebee v. State*, 169 Ga. App. 370, 371 (2) (312 SE2d 853) (1983).

Hardwick's further argument that the court erred in allowing the store employee to testify about things that he did not personally observe is wholly without merit as a review of the employee's testimony shows that he gave no such testimony; rather, the employee testified only about matters he personally observed.

7. The trial court's charge to the jury that flight or attempted flight after a command from a law enforcement officer to halt may constitute obstruction of an officer was not erroneous as it is a proper statement of the law and is supported by the evidence. *Sanders v. State*, 204 Ga. App. 545, 547 (1) (b) (419 SE2d 759) (1992); *Tankersley v. State*, 155 Ga. App. 917, 919-920 (4) (273 SE2d 862) (1980).

8. Hardwick's ninth enumerated error is a general objection to the trial court's refusal to give any of his ten requested jury charges. In his brief, Hardwick has not referred to any evidence in the record or transcript which supports any of his requested charges. Although Hardwick has cited general legal principles in support of his enumeration, he has not applied those principles to any particular requested charge. Under these circumstances, we find that Hardwick's generalized argument in support of this enumeration of error is unsatisfactory for consideration on appeal and the enumeration is therefore deemed abandoned. Court of Appeals Rule 15 (c). Moreover, having examined the court's instructions to the jury as well as the charges requested by Hardwick, we find that taken as a whole the charge given was complete and accurate. *Krause v. Vance*, 207 Ga. App. 615, 621 (13) (428 SE2d 595) (1993).

9. Hardwick complains that the court erred in refusing the jury's request for a charge on the definitions of the words "dragging" and "running." The record shows that the trial judge told the jurors that although he would not give them such a charge, he would provide

them with a dictionary for the definitions. Upon inquiry by the court, Hardwick plainly stated that he did not object to the judge handling the jury's question in this manner. Hardwick's "[a]cquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. Failure to object to the procedure amounts to waiver." (Citations and punctuation omitted.) *Robinson v. Moonraker Assoc., Ltd.*, 205 Ga. App. 597, 598-599 (423 SE2d 44) (1992).

10. Hardwick's argument that the court erred in refusing to admit two documents into evidence presents nothing for review because the purported documents, although attached to Hardwick's brief, are not contained in the record. "[A] brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party." (Citations and punctuation omitted.) *Henderson v. State*, 203 Ga. App. 733, 734 (1) (417 SE2d 413) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 21, 1993 —
RECONSIDERATION DENIED OCTOBER 6, 1993

Bobby Hardwick, *pro se.*
*Robert W. Hunter III, Solicitor, J. Michael Spence, Assistant Solicitor*, for appellee.