## A94A0403. FURFANO v. THE STATE.
(442 SE2d 305)

BLACKBURN, Judge.

After a stipulated bench trial, appellant Domonic Furfano was convicted of possession of cocaine with intent to distribute and giving a false name to a law enforcement officer. Furfano appeals the trial court's denial of his motions to suppress evidence.

During an attempted armed robbery against Furfano, he was shot by his attackers three times. Furfano returned fire, but failed to stop his attackers' retreat. Furfano's statements vary as to whether he was alone or with someone known to him as "Dominique." Furfano drove himself to Grady Hospital where he registered under the name Kevin Singleton. Based on information obtained from Furfano when two detectives interviewed him at Grady, a DeKalb County Magistrate issued a search warrant for the car Furfano used to drive to the hospital, a red Subaru Justy. The police located and impounded the car. The search warrant authorized a search for "[a] handgun, projectiles, blood, fingerprints, [and] other evidence pertaining to the crime of aggravated assault."

Upon execution of the warrant, the police recovered a .380 semi-automatic handgun, several bullets, a plastic 35-millimeter film canister, and personal items establishing Furfano's real identity. The film canister contained 12 small plastic bags containing approximately 7.6 grams of cocaine. During a subsequent interview with Furfano, he admitted his identity and acknowledged that the cocaine belonged to him.

1. In his first enumeration of error, Furfano contends that the trial court erred in denying his motion to suppress the cocaine. Furfano argues that the police exceeded the scope of the search warrant by examining the contents of the film canister.

"On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous." (Citations and punctuation omitted.) Merriman v. State, 201 Ga. App. 817 (412 SE2d 598) (1991). During the hearing on Furfano's motion to suppress, a DeKalb County detective testified that the canister "clicked" when shaken and that it could have contained bullets or film. The detective testified that the film could have contained pictures of the shooting or evidence of Dominique's identity. The detective further reasoned that the contents of the film canister could have contained fingerprints. We conclude that the warrant was sufficiently broad to include items which could have been stored in a film canister. "An officer conducting a lawful search is not precluded from seizing tangible evidence of the commission of a crime even though that evidence is not

specifically listed in the search warrant. [Cit.]" *Banks v. State*, 262 Ga. 190, 192 (415 SE2d 634) (1992).

2. Furfano next contends that the trial court erred in denying his motion to suppress regarding his statements acknowledging ownership of the cocaine. Furfano argues his statements were obtained as a result of the police's conduct in exceeding the scope of the search warrant and finding the cocaine. Not only does our holding in Division 1 make Furfano's argument meritless, Furfano failed to make his argument to the trial court and we, therefore, have nothing to review. "Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review." (Citations and punctuation omitted.) *Williams v. State*, 201 Ga. App. 383, 384 (411 SE2d 118) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 16, 1994.

*Duana R. Sanson*, for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Lee A. Atkins, Assistant District Attorneys*, for appellee.