A98A0673. DAVIS et al. v. SOUTHERN EXPOSITION MANAGEMENT COMPANY.
(503 SE2d 649)

Judge Harold R. Banke.

Enumerating eight errors, Jack Davis and University Auto Sales, Inc., d/b/a University Marine & Sailing Center, a/k/a Windsor Craft Boats ("UM") appeal the entry of a default judgment, the denial of their motion to set aside default and the failure to grant their motion to dismiss.

This case arose in the wake of the 1992 Atlanta Boat Show. Southern Exposition Management Company ("SEMCO"), the owner, operator, and producer of that show, alleged that Davis, an Alabama resident, his company UM, and Genmar Industries, Inc., d/b/a Wellcraft ("Genmar"), breached a boat show licensing agreement by displaying Wellcraft boats. SEMCO sought declaratory relief and to enforce an indemnification agreement.

At the time SEMCO filed the underlying action, UM's lawsuit

against SEMCO arising from the same boat show had been pending for over two years in Alabama. In its action, UM claimed that SEMCO, along with Genmar, intentionally interfered with its business and breached the boat show leasing agreement which permitted UM to display Wellcraft boats.

SEMCO waited until the eve of the trial in Alabama to file in Georgia. On April 11, about a month before the Alabama trial, Davis was served with the Georgia suit to which he failed to timely respond. Meanwhile, the Alabama action was tried from May 19 through May 28, and culminated in a $600,000 verdict in favor of UM. The Alabama court entered a final judgment in that amount on June 12, 1997.[1]

Six days after the entry of the judgment in Alabama, Davis and UM filed a motion to dismiss premised on res judicata and OCGA § 9-11-13 (a). The Georgia trial court on June 20, 1997, granted SEMCO's motion for a default judgment on the issue of liability. When Davis and UM moved to set aside the default, a final judgment in Georgia had not yet been entered because the damages remained to be proven.

The trial court rejected the arguments that the Georgia action was a compulsory counterclaim and that it was procedurally foreclosed after the entry of the Alabama judgment. The court ordered Davis and UM to pay the $600,000 verdict entered in the Alabama case, plus statutory interest and to pay $140,617.69 plus interest for SEMCO's litigation expenses incurred in the Alabama action. Davis and UM appeal. *Held*:

1. Davis and UM contend that the trial court abused its discretion by denying their motion to open default. See *West v. Smith*, 196 Ga. App. 69, 70-71 (395 SE2d 302) (1990). We disagree.

Payment of costs is a condition precedent for opening default under OCGA § 9-11-55 (b). *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990). Merely offering to pay costs, as here, is insufficient. *Hazzard v. Phillips*, 249 Ga. 24, 25 (1) (287 SE2d 191) (1982). When this statutory requirement is not met, the trial court lacks discretion to open the default. *Stinson v. Dept. of Human Resources Credit Union*, 171 Ga. App. 303, 305 (5) (319 SE2d 508) (1984). See *Robinson v. Moonraker Assoc.*, 205 Ga. App. 597, 598 (423 SE2d 44) (1992).

2. Davis and UM contend that the trial court erred in awarding $600,000 to SEMCO for a judgment SEMCO has not paid. In its Georgia action, SEMCO sought damages for breach of contract and to

---

[1] Although SEMCO apparently entered a certified copy of the Alabama judgment into evidence, no such document appears in the appellate record.

enforce an indemnification clause. At the damages hearing, SEMCO sought only to obtain the amount of the Alabama judgment entered against it and the expenses incurred in defending the Alabama action.

Where no funds have yet been expended, a party's right to seek indemnification has not yet actualized. *Carr v. Nodvin,* 178 Ga. App. 228, 233 (3) (342 SE2d 698) (1986). It is undisputed that at the time of the hearing on damages, SEMCO had not paid any portion of the Alabama judgment and was actively pursuing post-trial motions in Alabama. See *Ranger Constr. Co. v. Robertshaw Controls Co.,* 158 Ga. App. 179, 182 (279 SE2d 477) (1981) (where no payment is yet made, "actual legal liability" has not yet been incurred). Thus, until and unless SEMCO pays the Alabama judgment, no reimbursement to SEMCO need be made. To hold otherwise could enable SEMCO to recover a windfall in the event that SEMCO prevailed on its appeal of the Alabama judgment while receiving $600,000 to reimburse it for a judgment that it never paid.

3. Davis claims that the trial court erred in awarding judgment against him individually because he was not a party to the contract between SEMCO and UM. We agree.

Davis signed three documents: one as "authorized agent of exhibitor [UM]," another "in behalf of my company [Windsor Craft]," and a third one "by" Jack Davis. The Boat Show Authorization Form which contains the indemnification provisions at issue specifically provides that it is an agreement between the Exhibitor (Windsor Craft) and SEMCO. When Davis signed the agreement, he did so as being "authorized to sign this form in behalf of my company."

SEMCO failed to cite any authority or evidence in support of a right to proceed against Davis individually. *Commonwealth Financial Corp. v. Sherrill,* 197 Ga. App. 403, 404 (1) (398 SE2d 438) (1990). In fact, SEMCO offered not a shred of evidence showing that this was Davis' debt rather than UM's corporate debt. Nor did SEMCO assert that it was entitled to pierce the corporate veil. See *Derbyshire v. United Builders Supplies,* 194 Ga. App. 840, 844 (2) (a) (392 SE2d 37) (1990). Because the pleadings and the exhibits attached thereto do not show any contract between Davis and SEMCO, the judgment against Davis must be set aside. See *Bayne v. Sun Finance Co. &c.,* 114 Ga. App. 27, 29 (5) (150 SE2d 311) (1966) (conclusions of law and facts not well pleaded and forced inferences are not admitted by a default judgment).

4. The indemnification provisions at issue are not unenforceable and void as against public policy. In the agreement, UM agreed to release and indemnify SEMCO "against any and all claims for any such loss, damage or injury." However, the contract also plainly states that SEMCO's right to indemnification does not apply to any

injury or damage or loss caused by SEMCO's "wilful or wanton misconduct" or to damages caused by SEMCO's "sole negligence." See, e.g., *Allstate Ins. Co. v. City of Atlanta*, 202 Ga. App. 692, 693 (415 SE2d 308) (1992) (indemnification for one's own misconduct permissible where provided by express language).

The jury in Alabama awarded $150,000 in compensatory damages and $450,000 in punitive damages. It is undisputed that the Alabama action was tried under Georgia substantive law including our law on damages. Tortious interference with business or contract may justify an award of punitives. *Jones v. Padgett*, 186 Ga. App. 362, 364 (5) (367 SE2d 88) (1988); *WMH, Inc. v. Thomas*, 195 Ga. App. 61, 66 (10) (392 SE2d 539) (1990). Similarly, fraud is tortious conduct that may support an award of punitive damages. *Rogers v. deMonteguin*, 193 Ga. App. 480, 483 (2) (388 SE2d 10) (1989). However, punitive damages cannot be awarded absent evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3) (b) (365 SE2d 827) (1988); *Boyett v. Webster*, 224 Ga. App. 843, 844 (2) (482 SE2d 377) (1997), rev'd on other grounds, 269 Ga. 191 (496 SE2d 459) (1998). If the punitive damages of $450,000 were predicated on wilful or wanton misconduct, then SEMCO was not indemnified under the terms of the agreement. *Boyett*, 224 Ga. App. at 844 (2). However, on the record before us, we cannot say whether any part of the jury's award was based on either wilful or wanton misconduct or upon SEMCO's sole negligence. Accordingly, we remand this issue to the trial court for that determination.

5. The trial court erred in awarding $140,617.69 in attorney fees and expenses against Davis and UM.

An award of attorney fees is not authorized where the party fails to prove the actual costs incurred and the reasonableness of those costs. *Mitcham v. Blaylock*, 214 Ga. App. 29, 31 (2) (447 SE2d 83) (1994). A determination of the amount of an award of attorney fees cannot be based on guesswork or inadmissible hearsay. *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993).

In this case, SEMCO offered only sketchy summaries to support its claims for attorney fees and costs attributable to the defense of the Alabama action. One of SEMCO's witnesses admitted she lacked personal knowledge of the billing and that she did not bring the actual bills with her. UM and Davis objected to the admission of the summaries and pointed out they failed to show any supporting documentation such as time entries or other details. Moreover, the summaries added up to $125,940.55 or about $15,000 less than the amount awarded.

The attorney fees award must therefore be vacated and the case

remanded for an evidentiary hearing to establish the amount of attorney fees, if any, owed by UM. *Mitcham*, 214 Ga. App. at 33 (2). Upon remand, if the trial court determines that SEMCO is entitled to indemnification from UM for part of the Alabama judgment, then SEMCO's legal bills will have to be apportioned between those incurred for claims subject to SEMCO's right to indemnification and those incurred in defending the claims that are not subject to indemnification. See *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 669 (2) (476 SE2d 43) (1996).

6. In light of the above holding, we need not reach the remaining enumerations of error.

*Judgment reversed and case remanded with direction. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 4, 1998.

*Rowan & Neis, Robert J. Neis*, for appellants.

*Manchel, Johnson & Wiggins, Norman G. Johnson, Scott M. Kaye, Zell & Zell, Glenn Zell*, for appellee.