### A01A0073. McDONALD WINDWARD PARTNERS, L.P. v. WENZHOLD, L.P.
(552 SE2d 92)

BARNES, Judge.

McDonald Windward Partners, L.P. ("Developer") appeals from the trial court's grant of summary judgment to Wenzhold, L.P. ("defendant") in a suit filed by Developer and McDonald Investments, Ltd. ("Broker") in connection with a real estate commission owed for the lease of commercial property. For reasons that follow, we reverse.

---

[15] See *Shuman v. State*, 244 Ga. App. 335, 336 (2) (535 SE2d 526) (2000).

[16] See *McCluskey v. State*, 211 Ga. App. 205, 207-208 (2) (438 SE2d 679) (1993).

In their original complaint, Developer and Broker ("plaintiffs") alleged that Broker was entitled to a commission of $40,178.69 as a result of procuring a tenant for commercial property developed and leased by Developer. Plaintiffs further allege that when Developer sold the property to a third party, Germania of America, Inc. ("Germania"), Germania agreed to pay the commission to plaintiffs. According to the plaintiffs, the defendant, Wenzhold, subsequently purchased the property from Germania and became obligated to pay the commission.

Wenzhold moved for summary judgment, asserting that it was entitled to summary judgment against Developer, in part, because the Developer, who was not a licensed real estate broker, was barred from collecting a real estate commission under Georgia law. See OCGA § 43-40-24 (a).[1] Plaintiffs opposed the summary judgment motion and also amended their complaint for the second time.[2] Plaintiffs' second amended complaint struck paragraphs 5-12 of their original complaint, containing Counts 1 through 3, and substituted new paragraphs 5-17. Plaintiffs alleged only three theories of recovery against Wenzhold in the second amended complaint: (1) breach of the contract to pay the commission of which Developer was a "proper and intended beneficiary" (Count 1); (2) reformation on the grounds of mutual mistake in the event the contract did not provide for the defendant's assumption of the obligation to pay the commission (Count 2); and (3) constructive trust on rent payments made to defendant in favor of Developer (Count 3). In their opposition to the summary judgment motion, plaintiffs characterized the effect of their second amended complaint as follows:

> Simultaneously herewith, plaintiffs have amended their complaint and have dropped claims against defendant (originally alleged in Count One and Count Three) based on procuring cause and unjust enrichment. . . . Plaintiffs' amendment sets forth theories of recovery — based on equitable claims of reformation and constructive trust (Count Two and Count Three in the amended complaint) — that are not addressed by the [summary judgment] motion and thus plaintiffs respectfully submit that summary judgment must be denied at least insofar as . . . Counts Two and Three.

---

[1] Defendant also moved for summary judgment against Broker. The trial court denied this motion, and this portion of the trial court's order is not before us. Thus, the Broker's claim for the unpaid commission survives.

[2] The first amended complaint merely substituted "Superior Court" for "State Court" in the style of the complaint.

Plaintiffs then argued that summary judgment was not warranted on their breach of contract claims.

The trial court issued a five-page written order in which it agreed that the new theories of recovery asserted in Counts 2 and 3 of the second amended complaint "were not at issue at the time the initial motion was filed," and therefore concluded that "summary judgment is denied as to the newly added claims in Plaintiff's second amended Complaint. . . ." It then analyzed Developer's third-party beneficiary theory and concluded that the Developer's claim for the recovery of commissions was barred because the Developer did not have the broker's license required by OCGA § 43-40-24 (a). It then made the following conclusion: "Defendant[']s motion for summary judgment as to [Developer] should be and is hereby granted as to all claims in the Complaint, as amended. There being no just reason for delay, final judgment is entered in favor of Defendant and against [Developer] on all claims in the Complaint."

Developer claims that "[t]he trial court erred in ruling that a party seeking indemnification as to an obligation to pay a real estate commission must be a licensed real estate broker."

First, we find, after a careful review of Developer's complaint and second amended complaint, that Developer did not seek reimbursement or indemnity from Wenzhold for the amount of the commission it had already paid to Broker. Nowhere in the complaint or second amended complaint does Developer allege that it had already paid the commission to Broker that should have been paid by Wenzhold. Thus, Developer never asserted a claim for indemnity below. See *Davis v. Southern Exposition Mgmt.*, 232 Ga. App. 773, 775 (2) (503 SE2d 649) (1998) ("Where no funds have yet been expended, a party's right to seek indemnification has not yet actualized.").

Instead, Developer asserted that it was a third-party beneficiary to the contract between Germania and Wenzhold in which Wenzhold allegedly assumed Germania's obligation to pay the commission to Broker. This theory of recovery does not seek to recover a commission that the Developer did not earn as a licensed real estate broker. Instead, it seeks damages from one who allegedly assumed the Developer's obligation to pay the commission. As a result, the trial court erred when it granted summary judgment to Wenzhold on Developer's breach of contract claim. It further erred when it (apparently unintentionally) granted summary judgment to Wenzhold on the new theories asserted in the second amended complaint after the motion for summary judgment was filed.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 2, 2001.

*Burbage & Weddell, Bruce B. Weddell*, for appellant.
*Holt, Ney, Zatcoff & Wasserman, Jay F. Castle*, for appellee.