## A01A0541. SOUTHERN EXPOSITION MANAGEMENT COMPANY v. GENMAR INDUSTRIES, INC.
### (551 SE2d 830)

PHIPPS, Judge.

Southern Exposition Management Company (SEMCO) appeals the dismissal of Genmar Industries, Inc. d/b/a Wellcraft (Genmar) from a lawsuit predicated on an alleged agency relationship between the companies. For the reasons that follow, we reverse.

SEMCO, owner and operator of the 1992 Atlanta Boat Show, sued Genmar, manufacturer of Wellcraft boats, as well as University

Auto Sales, Inc. and its chief operating officer, Jack Davis.[1] SEMCO alleged that it acted as Genmar's agent in removing from the boat show certain Wellcraft boats that University, an Alabama retailer of Wellcraft boats, was displaying. It sought a declaratory judgment as to its rights and legal relations with the other parties, as well as indemnification, damages, attorney fees, and costs and expenses of litigation that it incurred because of a then pending Alabama lawsuit against it by University for removing the boats. The claims for indemnification and damages have been removed because the subsequent Alabama judgment was overturned by the Alabama Supreme Court.[2] However, the issues of attorney fees and costs and expenses of litigation remain.[3]

Genmar moved to dismiss on the grounds that no agency relationship existed between it and SEMCO. In response, SEMCO filed an affidavit from Genmar's former Southeast regional sales manager, claiming his testimony provided evidence of an agency relationship between SEMCO and Genmar. After a hearing and consideration of the entire record, the trial court granted Genmar's motion, determining that "the record does not support a finding that Genmar and SEMCO intended to form an agency relationship, that Genmar retained control of how SEMCO would act, or that Genmar consented to such relationship." SEMCO appeals that ruling.

Because matters outside the pleadings, including an affidavit that SEMCO filed and material from the Alabama lawsuit, were presented to and not excluded by the trial court in disposing of the motion to dismiss, the motion was converted into a motion for summary judgment.[4] On appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in con-

---

[1] Jack Davis and University Auto Sales, Inc. are not parties to this appeal.

[2] *Southern Exposition Mgmt. Co. v. Univ. Auto Sales*, 740 S2d 992 (Ala. 1998).

[3] In 1994, University and Davis sued SEMCO and Genmar in Alabama. Genmar settled before trial, and a jury rendered a verdict against SEMCO for $600,000. While the Alabama lawsuit was pending, SEMCO filed the instant lawsuit against University, Davis, and Genmar, initially serving only University and Davis. SEMCO obtained default judgments against those two defendants for $600,000 for the judgment entered in the Alabama case, plus $140,617.69 for its litigation expenses in that action. After those defendants filed a notice of appeal, SEMCO then served Genmar. In *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773 (503 SE2d 649) (1998), this court reversed the $600,000 judgment because SEMCO had not paid the judgment, id. at 775 (2), that was by then on appeal in Alabama. This court also vacated the $140,617.69 award of attorney fees because the actual costs incurred and the reasonableness of those costs had not been proved. Id. at 776-777 (5). We remanded the case for a determination of the appropriate amount of indemnification and attorney fees award. Id. at 777. Then, the Alabama Supreme Court reversed the Alabama judgment, leaving no judgment against SEMCO. Subsequently, on remand, the Georgia trial court vacated its $600,000 judgment, but left open the determination of attorney fees. SEMCO continues to seek attorney fees.

[4] OCGA § 9-11-12 (b); *Bays v. River Oaks Constr.*, 244 Ga. App. 401, 402 (1) (535 SE2d 543) (2000).

cluding that the moving party demonstrated that no genuine issue of material fact remained and that the party was entitled to judgment as a matter of law.[5] A defendant may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[6] If the defendant discharges this burden, the plaintiff cannot rest on its pleadings, but rather, must point to specific evidence giving rise to a triable issue.[7] We view the evidence, and all reasonable conclusions and inferences drawn from it, de novo and in the light most favorable to the nonmovant.[8]

The record shows that SEMCO contracted to provide display space to two retailers who displayed Wellcraft boats — University and a Georgia retailer.[9] Genmar, however, had previously given the Georgia retailer an exclusive distributorship contract in the Atlanta area, which also entitled it to an exclusive display of Wellcraft boats at the boat show. When Genmar's sales manager, whose territory comprised South Carolina, North Carolina, Georgia, and Florida, but not Alabama, discovered this state of affairs, he asked University to remove its Wellcraft boats from the floor. University refused, claiming it was authorized to display them. Ultimately, SEMCO employees, assisted by a University employee, physically removed the boats from the display floor.

SEMCO contends that genuine issues of material fact exist whether an agency relationship existed between it and Genmar. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf."[10] "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."[11] The existence of agency and the extent of the agent's authority are questions of fact.[12]

> A claim of agency may be proved, as any other fact, by circumstantial evidence. The fact of agency may be established by proof of circumstances, apparent relations, and the

---

[5] OCGA § 9-11-56 (c).

[6] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[7] *Dept. of Transp. v. Cox*, 246 Ga. App. 221, 222 (540 SE2d 218) (2000).

[8] Id.

[9] The Georgia retailer is not a party in this case.

[10] OCGA § 10-6-1.

[11] (Citations and punctuation omitted.) *First Nat. Bank &c. v. Alvin Worley & Sons, Inc.*, 221 Ga. App. 820-821 (2) (472 SE2d 568) (1996).

[12] *Gulf Winds v. First Union Bank*, 187 Ga. App. 383, 385 (1) (370 SE2d 508) (1988).

conduct of the parties. Direct evidence of an agency relationship is not required. The threshold for showing agency in this context is low, and even scant factual support may suffice.[13]

SEMCO points to the affidavit of the Genmar sales manager, which outlined the sequence of events that led to SEMCO's removal of the boats. He averred that he was instructed by his "boss" to help University remove the boats from the display floor, but that he was without sufficient man power and equipment to do so. He repeatedly "requested that the show producer, Semco, remove [the] Wellcraft boats from the show floor on the behalf of Wellcraft. . . ." It is undisputed that SEMCO removed them with assistance from a University employee.

Genmar, however, argues there is no evidence that the parties consented "to enter into an agency relation," that it retained control over SEMCO's actions, that the sales manager had the authority to act on Genmar's behalf, or that SEMCO had a duty of undivided loyalty. It claims that SEMCO acted in its own self-interest in removing the boats, pointing to deposition testimony in the Alabama lawsuit where a SEMCO corporate representative stated that he did not realize that University had the Wellcraft boats there until the Genmar sales representative complained and insisted that he remove the "extra" display. SEMCO's corporate representative confirmed that University had not listed such boats in its display contract with SEMCO, and based on that, he believed that he could resolve the problem.

Here, the evidence presents a jury question whether SEMCO was acting as Genmar's agent. Because the sales manager had been instructed to remove the boats from the display floor but lacked the equipment to do so, he procured SEMCO to perform that task.[14] We find that the circumstantial evidence is sufficient to raise an issue of material fact whether an agency relationship existed between SEMCO and Genmar; thus, it was error for the trial court to grant Genmar summary judgment on this issue.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

---

[13] (Citations and punctuation omitted.) *Nissan Motor Acceptance Corp. v. Stovall Nissan*, 224 Ga. App. 295, 298 (1) (480 SE2d 322) (1997).

[14] See *Lindsey v. Fitzgerald*, 157 Ga. App. 124, 125 (2) (276 SE2d 275) (1981) ("if the owner of a vehicle expressly procures another to do something solely for the owner's benefit, an agency relationship exists, regardless of whether the direction is couched as a request or as a demand, and regardless of whether the agent receives monetary compensation") (citations and punctuation omitted).

DECIDED JULY 5, 2001 —
RECONSIDERATION DENIED JULY 24, 2001 —

*Zell & Zell, Glenn Zell, Norman G. Johnson,* for appellant.
*King & Spalding, Chilton D. Varner, Daniel A. Hillman,* for appellee.