# Court of Appeals
# of the State of Georgia

ATLANTA,___March 27, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0302.  ANGELO BERNARD BANKS v. GEORGIA DEPARTMENT OF CORRECTIONS.**

This is the third discretionary application that prison inmate Angelo Banks[1] has filed in this case.  In 2007, Banks filed a tort action against the Georgia Department of Corrections.  In 2013, the trial court dismissed the action and later denied Banks's motion for new trial.  Banks applied to this Court for discretionary review, but we dismissed the application as untimely.  See Application No. A13D0398 (dismissed June 11, 2013).

Banks then filed a motion to set aside the trial court's 2013 dismissal order, which the trial court dismissed, as well as a motion for an extension of time to file a discretionary application, which the court denied.  Banks filed a second application for discretionary appeal in this Court, seeking review of the denial of his motion for extension of time, but we denied it.  See Application No. A15D0118 (denied November 19, 2014).

Back in the trial court, Banks filed another motion to set aside, this time seeking to set aside the order denying his motion for extension of time to file a discretionary application.  The trial court denied that order, and Banks then filed this third application for discretionary appeal.  We lack jurisdiction for two reasons.

First, our denial of Application No. A15D0118 was a ruling on the merits.  See *PHF II Buckhead LLC v. Dinku*, 315 Ga. App. 76, 79 (1) (726 SE2d 569) (2012).

---

[1] Banks is serving a life sentence for murder.  *Banks v. State*, 262 Ga. 190 (415 SE2d 634) (1992).

Accordingly, the order denying that application is "res judicata with respect to the substance of the requested review." Id. And the review requested here is the same review requested there – the validity of the order denying Banks's request for extension of time to file an application for discretionary appeal. Banks is estopped from seeking further judicial review of that order. See *Elrod v. Sunflower Meadows Dev., LLC*, 322 Ga. App. 666, 670-671 (4) (745 SE2d 846) (2013).

Second, the issue raised in this application is moot. If "reversal of a trial court's judgment is of no practical benefit to the parties, any issues raised on appeal are rendered moot." *Dean v. City of Jesup*, 249 Ga. App. 623, 624 (2) (549 SE2d 466) (2001). And an application must be dismissed "[w]here the questions presented have become moot." OCGA § 5-6-48 (b) (3). Even assuming the trial court erred by denying Banks's motion to set aside, the underlying relief that he seeks – permission from the trial court for an extension of time to file a discretionary application in this Court – is not available to him. Trial courts have no authority to grant extensions of time to file applications for discretionary appeal.[2] *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011). Thus, Banks "cannot obtain the relief [he] seeks." *City of Demorest v. Town of Mount Airy*, 282 Ga. 653, 654 (2) (653 SE2d 43) (2007).

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____03/27/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] This Court may grant such relief, but only if it is requested before the expiration of the period for filing as originally prescribed – i.e., within 30 days of entry of the order sought to be appealed. OCGA § 5-6-39 (d); Court of Appeals Rule 31 (g).