A94A0420. HOLT v. GRINNELL et al.
(441 SE2d 874)

ANDREWS, Judge.

Grinnell sued Holt for injuries sustained when his automobile collided with an automobile driven by Holt. We granted Holt's application for an interlocutory appeal from the trial court's denial of his

motion in limine.

Grinnell sought compensatory and punitive damages contending that at the time of the accident Holt negligently drove his automobile while under the influence of alcohol. Holt admitted in his answer to the complaint that he was at fault in the accident. It is also undisputed that Holt pled guilty to the offense of driving under the influence of alcohol in connection with the present accident and that prior to the present accident Holt had twice entered pleas of nolo contendere to charges of driving under the influence of alcohol. Holt moved in limine for an order "excluding the introduction of evidence, argument or reference [to] prior charges of DUI to which the defendant pled nolo contendere including evidence of any sentences or penalties as well as the defendant's prior driving record." The trial court ruled that such evidence was inadmissible in the first bifurcated phase of the trial as to punitive damages dealing with whether or not punitive damages should be awarded. See OCGA § 51-12-5.1 (d) (1). However, the trial court concluded that in the second phase of the punitive damages issue "evidence of the circumstances surrounding the two prior DUIs, including evidence of the pleas and the consequences of same, is admissible" as relevant to the amount of punitive damages to be awarded. See OCGA § 51-12-5.1 (d) (2).

We have previously ruled that the plain language of OCGA § 17-7-95 (c) stating that "a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose" prohibits use of a prior plea of nolo contendere as evidence relevant to the issue of punitive damages. *Beal v. Braunecker*, 185 Ga. App. 429, 431-432 (364 SE2d 308) (1987). Accordingly, the trial court erred by ruling that Holt's prior pleas of nolo contendere were admissible.

The remaining issue is whether the trial court was correct in ruling that evidence relating to the prior DUIs, other than the pleas of nolo contendere, was admissible for determining the amount of punitive damages to be awarded, if any.

"It is a general rule that in a suit for negligence, evidence of [the defendant's] similar acts or omissions on other and different occasions is not admissible. Generally, proof of the defendant's prior driving record, or of his general character for carelessness or recklessness, is impermissible." (Citations and punctuation omitted.) *Thompson v. Moore*, 174 Ga. App. 331, 332 (329 SE2d 914) (1985), aff'd in part and rev'd in part on other grounds, *Moore v. Thompson*, 255 Ga. 236 (336 SE2d 749) (1985). However, an exception to the general rule applies where the defendant's driving under the influence in the incident at issue is an aggravating circumstance which would authorize the trier of fact to impose punitive damages. *Moore*, supra at 236, 237. Under those circumstances, which apply to the present case, "[t]he extent of

the defendant's wilful misconduct, wantonness and entire want of care in driving under the influence cannot be gauged solely by focusing on the incident in issue." Id. at 237. Accordingly, in such cases, evidence that the defendant pled guilty to driving under the influence prior to or even after the incident in issue would be admissible as relevant to the issue of punitive damages. Id. at 237-238; *Thompson*, supra.[1] "The only reason to exclude the evidence would be the danger of prejudice, but in the balance of things, its relevance to the question of wilful and wanton behavior outweighs any prejudice, where the jury is fully cautioned that the evidence goes only to the question of wilful and wanton behavior and conscious disregard of consequences, and not to the question of negligence in the particular incident on trial." *Thompson*, supra at 333.

Evidence that Holt had twice previous to the present incident committed the offense of driving under the influence of alcohol is conduct relevant to the trier of fact's determination of "what amount of [punitive] damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." OCGA § 51-12-5.1 (d) (2); *Thompson*, supra at 332; see *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 764, n. 13 (386 SE2d 120) (1989), judgment reinstated on remand, 261 Ga. 613 (409 SE2d 501) (1991); *Dimarco's, Inc. v. Neidlinger*, 207 Ga. App. 526 (428 SE2d 431) (1993); *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847, 850 (389 SE2d 505) (1989). Moreover, since the trial court ruled such evidence would be admitted in the second phase of the bifurcated trial on the issue of punitive damages, there is no danger that the jury could improperly use it to determine the defendant's negligence in the incident at issue.

Although Holt's two prior pleas of nolo contendere to DUI are not admissible, the trial court correctly denied Holt's motion in limine to the extent it sought to exclude all other evidence showing that he had twice previously committed the offense of driving under the influence of alcohol. As long as there is no reference to the pleas of nolo contendere or to the criminal disposition of the two previous DUI charges resulting from such pleas, it is permissible to admit other evidence showing that Holt did in fact commit the prior offenses with which he was charged. See *Proulx v. State*, 196 Ga. App. 303 (395 SE2d 668) (1990); *Hansen v. State*, 205 Ga. App. 604, 607

---

[1] We have also held that evidence of a defendant driver's prior driving record is relevant and essential where a claim seeking punitive damages for negligent entrustment has been asserted against the driver's employer-entrustor. See *Chupp v. Henderson*, 134 Ga. App. 808, 810-811 (216 SE2d 366) (1975); *Whidby v. Columbine Carrier*, 182 Ga. App. 638, 639 (356 SE2d 709) (1987); *City of Monroe v. Jordan*, 201 Ga. App. 332, 333-334 (411 SE2d 511) (1991); *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 829 (435 SE2d 54) (1993).

(423 SE2d 273) (1992); *Harris v. State*, 210 Ga. App. 366, 368 (436 SE2d 231) (1993) (admitting as similar transactions, evidence of prior DUI offenses to which the defendants had pled nolo contendere, as long as the State made no reference to the criminal disposition of the prior offenses accomplished through the pleas).

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 2, 1994 —
RECONSIDERATION DENIED MARCH 22, 1994 — 

*Harper, Waldon & Craig, J. Blair Craig, Frank Boucek III*, for appellant.

*Robert B. Lipman, James E. Thompson*, for appellees.

*Butler, Wooten, Overby & Cheeley, Albert Pearson III*, amicus curiae.