A94A0624. HANIE et al. v. BARNETT.
(444 SE2d 336)

BIRDSONG, Presiding Judge.

This appeal follows a defense verdict in an action asserting claims for medical malpractice, fraud, and loss of consortium in which William W. Hanie and Jeanne Hanie sued Joseph C. Barnett, Jr., M.D., an orthopedic surgeon. The Hanies contended that Barnett negligently operated on Mr. Hanie's back and committed fraud to cover up his actions.

The Hanies allege that although Dr. Barnett told Mr. Hanie that he had a problem with a disk at the L5-S1 level, Dr. Barnett actually operated at the L4-L5 level and never told them that he had done so. Dr. Barnett stated, in his defense, that he operated where he intended because he was referring to Mr. Hanie's "functional" L5-S1 level and in Mr. Hanie's case that was the L4-L5 level because Mr. Hanie's L5-S1 level was fused. In the course of trial preparation, however, the Hanies found another malpractice case against Dr. Barnett alleging that he committed similar malpractice and his defense also was the functional level reason. When the Hanies sought to introduce evidence of Dr. Barnett's actions in this other case, however, Dr. Barnett filed a motion in limine seeking to exclude this evidence or seeking bifurcation of the trial and exclusion of evidence concerning his prior acts of negligence and, in particular, evidence concerning this other case until the jury decided whether he committed medical malpractice.

Subsequently, the trial court issued the following order:

"First, the court orders that the trial be trifurcated pursuant to the statutory mandate of OCGA § 51-12-5.1 and under the Court's discretionary power to sever issues to avoid possible prejudice. *See* OCGA § 9-11-42 (b). In the initial phase of the trial, all evidence relating to alleged acts of negligence committed by defendant Barnett in the care and treatment of patients other than the plaintiff in *this* case shall be withheld from the jury. This general prohibition against introducing prejudicial evidence in the liability phase of this trial specifically applies to the allegations of negligence in the *Mullinax* case.

"In this initial phase, the court will consider the admissibility of any specific notations or testimony relating to Doctor Barnett's methodology for labeling or treating the spine in *other cases, solely* for the purpose of rebuttal or cross-examination. In addressing this question, the court will consider the status of the record at the time the evidence is to be offered. The court shall consider the admissibility of such evidence only for this limited purpose and only upon the prior request of counsel outside the presence of the jury.

"If the jury determines after this first phase of the trial that there is liability on the part of Doctor Barnett for medical negligence in the treatment of plaintiff, then the court will recommence the trial in order to receive evidence on the issue of *liability* for punitive damages. In this second phase of the trial, evidence of Doctor Barnett's past conduct, so long as such evidence is otherwise admissible, may be admitted for the purpose of determining whether his actions were sufficiently wanton, malicious, or fraudulent. Any such liability for punitive damages must be proven by clear and convincing evidence under OCGA § 51-12-5.1.

"If, after the second phase of the trial, the jury determines that Doctor Barnett's conduct justifies an award of punitive damages, then the case shall proceed to the third stage for determination of the *amount* of any such award. During this final phase, evidence of the parties' financial circumstances, so long as otherwise admissible, may be presented to the jury. The court will combine the second and third phases of the trial if both parties agree."

The case was tried under these procedures and the jury returned a defense verdict on the issue of medical malpractice. Therefore, trial of the other issues was unnecessary. After the trial court denied a motion for new trial, the Hanies filed this appeal. They contend the trial court's order was erroneous, as a matter of law, because it prevented introduction evidence of Dr. Barnett's prior acts on the issues of fraud and deceit, punitive damages, impeachment, and notice. The Hanies further allege that the trial court erred as a matter of law by granting a trifurcation of the trial and by denying their motion for a new trial. *Held*:

1. Considering first the Hanies' contention that a trial court erred as a matter of law in severing the issue of professional negligence, we find no error. A trial court generally has broad authority in controlling the course of the trial (*Gwinnett County v. Vaccaro*, 259 Ga. 61, 64 (376 SE2d 680)) and OCGA § 9-11-42 (b) specifically authorizes the trial court to exercise its discretion in ordering severance of issues to avoid prejudice. *Jackson v. Intl. Harvester Co.*, 190 Ga. App. 765 (380 SE2d 306). This argument is premised on the assertion that in punitive damages cases a trial court no longer has authority to sever issues to avoid possible prejudice under OCGA § 9-11-42 (b), because of OCGA § 51-12-5.1. Although the Hanies rely on *City of Monroe v. Jordan*, 201 Ga. App. 332 (411 SE2d 511) for this proposition, neither OCGA § 51-12-5.1 nor *City of Monroe v. Jordan* requires that result. Although severance of the issues of liability for punitive damages and the amount of punitive damages is now required by OCGA § 51-12-5.1, nothing in OCGA § 51-12-5.1 suggests the legislature intended any restriction on OCGA § 9-11-42 (b). Moreover, "[s]everance is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal." (Citation and punctuation omitted.) *Vitner v. Funk*, 182 Ga. App. 39, 42 (354 SE2d 666). In view of the great possibility that evidence concerning the other issues might taint the trial of the professional negligence case, there was no abuse of discretion. Moreover, as discussed below, the Hanies were not prejudiced by the procedures employed by the trial court. This enumeration of error is without merit.

2. The Hanies also assert the trial court erroneously prevented them from using Barnett's prior acts to impeach Dr. Barnett. Review of the trial court's order shows that this allegation has no factual support. Under OCGA § 24-2-2, unless otherwise relevant, the trial court was required to exclude other acts of negligence. The order prohibited only "evidence relating to alleged acts of negligence committed," and clearly provided that other evidence could be used in "rebuttal or cross-examination" by Barnett subject to the issue being first presented to the trial court for a ruling. Since the Hanies never sought such a ruling from the trial court on this issue, and even now have not identified any particular evidence they sought to introduce but were prevented from introducing by the trial court, we find no error. Further, as the issue of evidence to be used for impeachment was not raised in the trial court, we cannot consider an issue raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877).

3. The Hanies' contentions that the trial court erred by preventing them from introducing evidence of Barnett's prior acts on the issue of fraud and deceit, punitive damages, and notice are also without

merit. Under the specific terms of the pretrial order severing the issues for trial, the trial court permitted introduction of evidence relevant to these issues in the second phase of the trial: "In this second phase of the trial, evidence of Doctor Barnett's past conduct, so long as such evidence is otherwise admissible, may be admitted for the purpose of determining whether his actions were sufficiently wanton, malicious, or fraudulent." Because the jury's verdict on the issue of medical malpractice prevented the Hanies from presenting this evidence, there was no error. Moreover, because the Hanies made no offer of proof in the trial court showing the evidence they contend the trial court excluded, there is nothing for us to review. *Anderson v. Jarriel*, 224 Ga. 495, 496 (162 SE2d 322).

4. As the Hanies' enumeration asserting that the trial court erred by denying their motion for a new trial was premised upon the errors rejected in this opinion, we find no error in the denial of new trial.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 18, 1994 —
RECONSIDERATION DENIED MAY 9, 1994 —

*Robert D. Brooks, Wilson, Strickland & Benson, Warner R. Wilson, Jr.*, for appellants.

*Downey, Cleveland, Parker & Williams, Russell B. Davis*, for appellee.