A95A2128. PROFESSIONAL PRACTICES COMMISSION et al.
v. BREWER.
(466 SE2d 651)

BLACKBURN, Judge.

Appellants Professional Practices Commission (PPC), Hans J. Schacht and Chris Good were sued for their role in investigating a grade changing incident that permitted an otherwise ineligible student to play high school football. They appeal the trial court's denial of their motion for summary judgment. The PPC is a state agency authorized to investigate certified school personnel accused of certain crimes or unethical conduct. OCGA § 20-2-790 et seq. At all times relevant to this action Schacht was the PPC's executive director and

Good was its associate director.

Brewer was a teacher and football coach at Cedar Shoals High School. In November 1989 the appellants investigated Brewer's alleged role in changing a student's grades that enabled the student to play football. The facts concerning the investigation are outlined in *Brewer v. Purvis*, 816 FSupp. 1560 (M. D. Ga. 1993).

Subsequent to the investigation, Brewer sued the three appellants as well as the Clarke County School District, its superintendent, the Georgia High School Association and its executive director claiming under 42 USC § 1983 that the defendants violated his constitutional rights. The case was initially removed to the U. S. District Court for the Middle District of Georgia where Brewer amended his complaint to include a claim for libel. On March 10, 1993, the district court issued an order, based on the Eleventh Amendment's bar against suing a state in federal court, remanding certain claims to the Clarke County Superior Court. *Brewer*, supra at 1568-1571. Specifically, the district court remanded Brewer's claims against the PPC as well as Brewer's claims against Schacht and Good as state officials acting in their official capacity. Id.

Contained within the same order as the remand, the district court also granted summary judgment to the Clarke County School District on Brewer's libel claims that concerned the school district's handling of a PPC investigative report. Summary judgment was entered as Brewer offered no response to the school district's motion. Id. at 1579.

Concerning the remanded claims in the Clarke County Superior Court, the appellants filed a motion for summary judgment asserting that they were not proper defendants in a § 1983 claim which concerns the deprivation of federal constitutional rights. Brewer then amended his complaint to assert that the appellants violated his right to due process as contained within the Georgia Constitution. The amendment also added a variety of state tort claims.

The trial court denied summary judgment stating: "[Q]uestions of fact remain as to the issues of libel, slander, breach of public duty and whether the defendants deprived the plaintiff of his *state* constitutional liberty interest in his reputation and his right to work in his chosen profession." (Emphasis supplied.)

1. On appeal, appellants argue that Brewer's claims against them under § 1983 are without merit. *Will v. Michigan Dept. of State Police*, 491 U. S. 58 (109 SC 2304, 105 LE2d 45) (1989) holds that § 1983 claims cannot be asserted against a state agency or state officials acting in their official capacity. Section 1983 is not applicable to the remanded claims as they only concern a state agency and state officials acting in their official capacity. *Will*, supra. Section 1983 addresses claims arising from a deprivation of *federal* constitutional rights. In

its order denying summary judgment, the trial court specifically determined that a question of fact existed as to the violation of Brewer's "state" constitutional rights. Summary judgment was improperly denied PPC, Schacht and Good as to any claim asserted against them arising under § 1983.

2. Appellants also assert that the trial court erred in denying their motion for summary judgment as to Brewer's various tort claims. On appeal, appellants argue for the first time that these claims were barred under the doctrine of res judicata by virtue of the district court's prior opinion.[1] However, appellants' failure to raise this issue in the trial court precludes our consideration of it on appeal. *Hanie v. Barnett*, 213 Ga. App. 158, 160 (444 SE2d 336) (1994). As we are presented with nothing to review under this enumeration of error, the trial court's denial of the motion for summary judgment on the state tort claims is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 21, 1995.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, Rebecca S. Mick, Assistant Attorney General,* for appellants.

*Deedra M. Brewer, J. Hue Henry,* for appellee.

---

[1] On appeal, appellants offered no explanation or argument as to why the doctrine of res judicata would apply. As clearly enunciated in OCGA § 9-12-40, a judgment is considered conclusive for purposes of res judicata when it concerns the same parties. The district court order that the appellants deem to be conclusive concerns the Clarke County School District, a defendant not involved in the remanded claims.