A96A0896. BOYETT v. WEBSTER.
(482 SE2d 377)

BIRDSONG, Presiding Judge.

Following the grant of a discretionary appeal, Lois W. Boyett appeals the grant of Jesse C. Webster, Jr.'s motion in limine to exclude all evidence regarding Webster's prior drunk driving incident during the first phase of a bifurcated personal injury and punitive damage trial. Boyett contends the trial court's refusal to admit evidence of Webster's previous DUI deprived her of a fair trial and resulted in the jury's decision not to award punitive damages. We agree and reverse.

Webster made a left-hand turn with his car and struck Boyett's car. At the time, Webster was grossly intoxicated; he registered a BAC level of .32 on the Intoximeter 3000 one hour after the accident. Webster pleaded guilty to DUI in connection with this incident.

Boyett's suit for compensatory and punitive damages alleged that Webster's actions in driving while grossly intoxicated were wilful, wanton and showed a conscious disregard for the foreseeable consequences of his actions. This allegation, if proven by clear and convincing evidence, would authorize imposition of punitive damages. OCGA § 51-12-5.1. Although Boyett sought to introduce evidence of a prior DUI in which, according to Boyett's motion for a new trial, Webster's BAC level was .28, Webster moved to exclude this evidence during the first phase of the bifurcated trial. Despite Boyett's assertions

that the prior DUI was directly relevant to the jury's determination of whether Webster's driving with a .32 BAC level was wilful, wanton, malicious, fraudulent, oppressive or showed a conscious disregard for the foreseeable circumstances, the trial court granted Webster's motion. Subsequently, the jury returned a verdict for compensatory damages, but declined to assess punitive damages. This appeal followed. *Held*:

1. Because admission of evidence, including ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). For the reasons stated below, however, we find that the trial court abused its discretion by excluding the evidence of Webster's prior DUI when only the amount of punitive damages was severed from the other issues to be tried.

2. In punitive damages cases, OCGA § 51-12-5.1 mandates that the amount of punitive damages be determined separately from the determination of liability. *Gen. Motors Corp. v. Moseley*, 213 Ga. App. 875, 887 (447 SE2d 302), citing *City of Monroe v. Jordan*, 201 Ga. App. 332, 334-335 (411 SE2d 511). Thus, in the first phase of a bifurcated trial three issues must be resolved: (1) liability for damages incurred; (2) compensatory damages, if any, to be awarded; and (3) liability for punitive damages. If the trier of fact finds the defendant is liable for punitive damages, the amount of punitive damages is determined in the second phase of the trial. Nothing in OCGA § 51-12-5.1, however, prevents the trial court from ordering a further severance of the issues to avoid prejudice to either party. OCGA § 9-11-42 (b); *Hanie v. Barnett*, 213 Ga. App. 158, 160 (444 SE2d 336).

Further, under Georgia law, for punitive damages to be authorized, there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (365 SE2d 827). Negligence alone, even gross negligence, is not sufficient to support a punitive damage award (*Associated Health Systems v. Jones*, 185 Ga. App. 798, 802 (366 SE2d 147)); something more than the mere commission of a tort is always required. " ' "There must be circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton." ' " *Cullen v. Novak*, 201 Ga. App. 459, 460 (411 SE2d 331), citing *Colonial Pipeline*, supra at 121. Nevertheless, in suits for negligence generally, evidence of similar acts or omissions on other and different occasions is not admissible. *Thompson v. Moore*, 174 Ga. App. 331 (329 SE2d 914), aff'd in part and rev'd in

part on other grounds, *Moore v. Thompson,* 255 Ga. 236 (336 SE2d 749). From these competing interests arises the dilemma inherent in these cases.

In this case, the trial court originally planned to balance these interests by severing the issues of liability and damages for the underlying tort from the issues of liability and amount of punitive damages. Upon defense counsel's objection, however, the trial court bifurcated the trial with only the amount of punitive damages severed from the other issues. Although Boyett's counsel consented to the bifurcated procedure, he did so with the opinion that Webster's prior DUI should be admissible in the first phase of the trial. Subsequently, the trial court granted Webster's motion in limine and excluded evidence of his previous DUI in the liability phase because Webster's prior offense might prejudice the issue of Webster's liability for the underlying tort.

We find this was an abuse of the trial court's discretion. An exception to the general rule regarding excluding evidence of similar acts or omissions allows admission of this evidence when the defendant's driving under the influence in the incident at issue is an aggravating circumstance which would authorize the trier of fact to impose punitive damages. *Holt v. Grinnell,* 212 Ga. App. 520, 521 (441 SE2d 874), citing *Moore v. Thompson,* 255 Ga. at 237. In that circumstance, the extent of the defendant's wilful misconduct, wantonness and entire want of care in driving under the influence cannot be gauged solely by focusing on the single incident in issue and disregarding other incidents of similar conduct. See *Holt,* supra at 522. Consequently, evidence that the defendant previously drove under the influence on another occasion is admissible in the liability phase of a bifurcated trial because such evidence is relevant to the issue of whether punitive damages should be awarded. *Moore v. Thompson,* 255 Ga. at 237, 238. Even though the danger of prejudice is a reason to exclude this evidence, in balance, this evidence's relevance on liability for punitive damages outweighs any prejudice if the jury is fully charged that this evidence goes only to liability for punitive damages and not to the issues of liability or damages in the particular incident on trial. *Holt,* supra at 522, citing *Thompson v. Moore,* 174 Ga. App. at 333. Because *Holt* was decided based on the admissibility of the *pleas* of nolo contendere generally under OCGA § 17-7-95 (c) and the admissibility of other DUI evidence in the phase of the trial dealing with the amount of punitive damages, the *Holt* court did not address directly whether evidence of prior DUIs was admissible in the first phase of a bifurcated trial. Further, Georgia law favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. *Dept. of Transp. v. Swan-*

*son*, 191 Ga. App. 752, 754 (382 SE2d 711), citing *Weathers v. Cowan*, 176 Ga. App. 19, 20 (1) (335 SE2d 392). Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. *Dept. of Transp.*, supra at 754.

"In certain circumstances, however, that bifurcated procedure may be inadequate to avoid confusing the jury in its determination of the issues of compensatory damages and punitive damages. That is, evidence appropriately admitted to show the propriety of punitive damages may influence the jury in deciding the issue of liability for compensatory damages." *Gen. Motors Corp.*, supra at 887 (9). Considering the trial court's authority to further sever the issues to avoid prejudice, this problem should not be solved solely by excluding from the jury in the liability phase evidence of other acts of driving under the influence or other similar acts. So doing might assure defendants a fairer trial on liability for the underlying negligence at issue, but doing so in a bifurcated trial virtually assures that plaintiffs are denied fair trials on liability for punitive damages.

In this case, by merely bifurcating the trial and then excluding evidence of Webster's prior DUI, the jury was precluded from hearing the very information needed to determine whether Webster showed wilful misconduct, malice, wantonness, oppression or an entire want of care sufficient to authorize punitive damages. Here, evidence that Webster had previously driven under the influence of alcohol was relevant to his liability for punitive damages that was decided in the first phase of the bifurcated trial, regardless of the potential prejudice on the underlying negligence, and notwithstanding that this evidence also may be relevant ultimately on the determination of the amount of damages sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case. See OCGA § 51-12-5.1 (d) (1) and (2). Because even gross negligence is not sufficient to authorize punitive damages, it is unlikely that one act would be sufficient to show wilful misconduct, malice, wantonness, oppression or that entire want of care sufficient to authorize punitive damages. Consequently, without introduction of other similar acts when liability for punitive damages is determined, it is unlikely that the jury will ever consider the amount of punitive damages to be awarded. Accordingly, we find it an abuse of discretion to both exclude this evidence from the issue of liability and to refuse to sever the issues of liability and damages for the underlying tort and liability for punitive damages.

Although we recognize there may be situations in which the probative value of the similar acts may be such that severance of these issues is not required, nevertheless, in most cases trial courts should "employ a trifurcated procedure, wherein compensatory damages are litigated in the first phase of the trial; the propriety of punitive dam-

ages is litigated in the second phase; and the amount of punitive damages to be awarded is litigated in the third phase of the proceeding." *Gen. Motors Corp.*, supra at 887 (9). Despite counsel for appellant's arguments to the contrary, an admission of liability is not required to trifurcate proceedings. See *Hanie v. Barnett*, supra. If the trial court had trifurcated these proceedings, the jury would have had the opportunity to determine whether Webster should be assessed punitive damages with the benefit of all relevant evidence, but without possible prejudice to his liability for the underlying tort. Instead, this jury was deprived of the vital evidence necessary to determine whether Webster should be liable for punitive damages.

Further, we do not find *Goss v. Total Chipping*, 220 Ga. App. 643, 645 (3) (469 SE2d 855) inconsistent with this result. Although *Goss* affirmed the judgment in a bifurcated case in which evidence relevant to liability for punitive damages was excluded because it might be prejudicial on liability for the underlying tort, it did so because it found that the exclusion of the evidence was likely harmless error. Further, *Goss* recognized that the better practice is to try liability for the underlying tort separate from liability for punitive damages. 220 Ga. App. at 646.

Accordingly, the part of the trial court's judgment holding that punitive damages are not awarded must be reversed and the case remanded for proceedings consistent with this opinion. As appellant asserted no error affecting the award of compensatory damages, that part of the judgment is affirmed.

*Judgment affirmed in part and reversed in part with direction. Beasley, C. J., and Blackburn, J., concur.*

DECIDED DECEMBER 16, 1996 —
RECONSIDERATION DISMISSED FEBRUARY 5, 1997 AND RECONSIDERATION DENIED FEBRUARY 26, 1997 —

*William J. Mason*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, Self, Mullins, Robinson, Marchetti & Kamensky, Richard A. Marchetti*, for appellee.

*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr.*, amicus curiae.