### S97G0856. WEBSTER v. BOYETT.
(496 SE2d 459)

FLETCHER, Presiding Justice.

We granted the writ of certiorari to determine whether evidence of a defendant's similar acts or omissions is relevant in determining liability for punitive damages and, if so, the proper procedure to be followed in handling the admission of the evidence. We hold that the trial court did not abuse its discretion when it prohibited evidence of a prior conviction during the liability phase of a bifurcated trial or when it refused to separate the issue of liability for punitive damages from the issue of compensatory damages. Because the court of appeals found both rulings were an abuse of discretion, we reverse.

## BACKGROUND

Lois W. Boyett was injured in an automobile accident and filed a personal injury action against Jesse C. Webster III, who pleaded guilty to driving under the influence in connection with the accident. The trial court bifurcated the trial based on OCGA § 51-12-5.1, the punitive damages statute, and granted Webster's motion in limine to exclude evidence of a prior DUI during the first phase of the trial on liability. At the end of that phase, the jury returned a verdict for Boyett and awarded her $7,500 in compensatory damages, but declined to award punitive damages. She appealed, contending that the trial court erred in disallowing evidence of Webster's prior DUI to support her claim of punitive damages.

The court of appeals reversed.[1] It held that the trial court abused its discretion by excluding evidence of Webster's prior DUI during the liability phase of the trial. The court concluded that the relevance of the evidence to Boyett's claim for punitive damages outweighed any prejudice to Webster on the issue of liability in the underlying negligence action if proper limiting instructions were given. The court noted the problem with the statutory requirement that liability for punitive damages must be bifurcated from the amount of punitive damages. "[E]xcluding from the jury in the liability phase evidence of other acts of driving under the influence or other similar acts . . . might assure defendants a fairer trial on liability for the underlying

---

[1] *Boyett v. Webster*, 224 Ga. App. 843, 846 (482 SE2d 377) (1997).

negligence at issue, but doing so in a bifurcated trial virtually assures that plaintiffs are denied fair trials on liability for punitive damages."[2] As a result, the appellate court concluded that trial courts should follow a trifurcated procedure in which the jury determines compensatory damages in the first phase, the propriety of punitive damages in the second phase, and the amount of punitive damages in the third.[3] Finding a second abuse of discretion based on the trial court's refusal to separate the issues of liability and damages for the underlying tort from liability for punitive damages, the court of appeals reversed.

## BIFURCATED PROCEDURES

1. In *Moore v. Thompson*,[4] we held that evidence of the defendant's prior and subsequent guilty pleas to driving under the influence was admissible on the question of punitive damages. Our rationale was that the extent of the defendant's wilful misconduct, wantonness, and entire want of care in driving under the influence could not be gauged solely from the incident in issue, but that evidence of other DUI incidents was relevant to the question of punitive damages.[5] Recognizing the prejudicial effect of the guilty pleas on the defendant's liability in the underlying case, we further held that "the trial judge should exercise his discretion under OCGA § 9-11-42 (b) to try the issue of punitive damages separately in a bifurcated procedure or in a separate trial."[6] This decision is consistent with both the federal rule and the rule in most states.[7]

Two years later, the Georgia General Assembly mandated a different bifurcation procedure under the Tort Reform Act of 1987.[8] The act provides that punitive damages may be awarded in tort actions when the plaintiff specifically prays in the complaint for an award and proves "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[9] OCGA § 51-12-5.1 expressly requires a bifurcation of the punitive damages issues: the trier of fact first decides whether to award punitive damages and

---

[2] Id.

[3] Id. at 846-847.

[4] 255 Ga. 236 (336 SE2d 749) (1985).

[5] See id. at 237, affirming in part *Thompson v. Moore*, 174 Ga. App. 331, 333 (329 SE2d 914) (1985).

[6] *Moore*, 255 Ga. at 238.

[7] See 1 James D. Ghiardi et al., Punitive Damages Law and Practice § 12.04-12.05 (1997).

[8] See 1987 Ga. Laws 915, 917 (now codified at OCGA § 51-12-5.1 (Supp. 1997)).

[9] OCGA § 51-12-5.1 (b).

then reconvenes to decide the amount to be awarded.[10] Because of this required bifurcation of the punitive damages claim, courts may no longer conduct the bifurcated proceeding recommended by this court in *Moore* — determining liability in the underlying negligence action first and then determining all punitive damages issues together.[11]

Instead, courts must conduct either bifurcated or trifurcated trials under the statute. Under the bifurcated trial, the jury would decide liability, the amount of compensatory damages, and liability for punitive damages in the first phase and the amount of punitive damages in the second phase.[12] Under the trifurcated trial, the jury would determine liability and the amount of compensatory damages in the first phase, liability for punitive damages in the second phase, and the amount of punitive damages in the third phase.

In a bifurcated trial, the statute's mandatory separation of the punitive damages claim creates a problem when, as here, the plaintiff seeks to introduce evidence of the defendant's prior similar acts of DUI on the issue of liability for punitive damages. Although evidence of the prior acts is relevant to whether the defendant acted with willful misconduct, wantonness, or an entire want of care, the evidence of prior convictions is highly prejudicial to the issue of liability in the underlying negligence action. As the court of appeals has explained the problem:

> [E]vidence appropriately admitted to show the propriety of punitive damages may influence the jury in deciding the issue of liability for compensatory damages. Further, any reversible error in the admission of evidence pertaining to the entitlement to punitive damages makes it difficult, if not impossible, to affirm a judgment on the compensatory claim,

---

[10] Specifically, the statute provides:

(d) (1) . . . In any case in which punitive damages are claimed, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made. This finding shall be made specially through an appropriate form of verdict, along with the other required findings.

(2) If it is found that punitive damages are to be awarded, the trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case.

[11] See *McClure v. Gower*, 259 Ga. 678, 684 (385 SE2d 271) (1989) ("in regard to the adjudication of issues concerning the recoverability and amount of punitive damages in a tort case, OCGA § 51-12-5.1 made a bifurcated trial mandatory, whereas it had previously been discretionary with the trial court"); see generally 1 Ghiardi, supra, note 7, § 12.06.05 ("Georgia has the broadest spectrum of coverage in regard to the bifurcation of punitive damages issues in litigation.").

[12] See *Boyett*, 224 Ga. App. at 844.

when both claims are litigated in the same phase of the trial.[13]

Thus, the defendant may be denied a fair trial on liability in the underlying negligence action if the jury is permitted to hear the prior similar act evidence during the first phase. On the other hand, the plaintiff may be denied a fair trial on liability for punitive damages if the evidence of prior similar acts is excluded during the liability phase of the bifurcated trial.

Exercising their discretion, trial courts have attempted various solutions. Some courts permit evidence of prior similar acts on the issue of liability for punitive damages during the first phase of a bifurcated trial, but give a limiting instruction to the jury.[14] Others, like the trial court in this case, exclude evidence of prior similar acts during the liability phase, but permit it on the issue of the amount of punitive damages in the second phase.[15] A third approach is to separate both the liability issues and the punitive damages issues in a trifurcated proceeding.[16] Under this procedure, the jury decides the issue of liability for compensatory damages, the propriety of punitive damages, and the amount of punitive damages in three separate phases.[17]

## ADMISSIBILITY OF SIMILAR ACT EVIDENCE

We granted certiorari to decide whether evidence of a defendant's similar acts of misconduct is admissible on the issue of liability for punitive damages or solely on the issue of the amount of punitive

---

[13] *General Motors Corp. v. Moseley*, 213 Ga. App. 875, 887 (447 SE2d 302) (1994).

[14] See *City of Monroe v. Jordan*, 201 Ga. App. 332, 334 (411 SE2d 511) (1991) (trial court properly instructed jury that evidence of two previous on-the-job automobile accidents in which the defendant was involved could not be considered on the issue of negligence, but only on the issue of punitive damages); see also *General Motors Corp. v. Moseley*, 213 Ga. App. at 887 (reversing award of both compensatory and punitive damages when trial court admitted all evidence regarding punitive damages during the first phase of bifurcated products liability trial).

[15] See *Goss v. Total Chipping, Inc.*, 220 Ga. App. 643, 645 (469 SE2d 855) (1996) (trial court did not abuse its discretion in excluding during liability phase of trial potentially prejudicial evidence that Total Chipping's trucks were poorly maintained and unsafe and the owner had instructed them to drive the trucks despite light and brake problems); *Cheevers v. Clark*, 214 Ga. App. 866, 869 (449 SE2d 528) (1994) (trial court properly admitted evidence of defendant's subsequent arrest for DUI during second phase of trial); *Holt v. Grinnell*, 212 Ga. App. 520, 522 (441 SE2d 874) (1994) (trial court correctly ruled that evidence related to two prior DUIs, other than nolo contendere pleas, was admissible for determining the amount of punitive damages to be awarded in second phase of bifurcated trial).

[16] See, e.g., *Hanie v. Barnett*, 213 Ga. App. 158 (444 SE2d 336) (1994) (trial court did not abuse its discretion in severing issue of professional negligence from issue of punitive damages to avoid possible prejudice).

[17] See *General Motors Corp. v. Moseley*, 213 Ga. App. at 887.

damages in a bifurcated trial under § 51-12-5.1 and to review the recommendation of trifurcated trials. If we were deciding this issue in the absence of the punitive damages statute, we would adhere to our decision in *Moore v. Thompson*. We agree with that opinion that (1) a defendant's prior and subsequent acts of driving under the influence are relevant to whether the defendant acted with conscious indifference to the consequences in again driving under the influence, (2) although relevant, the evidence is highly prejudicial to the issue of the defendant's liability in the underlying negligence case, and (3) the trial court should try the issue of punitive damages separately from the issue of compensatory damages in a bifurcated DUI trial. Consistent with that opinion, we note that it is not necessary to have a separate proceeding on the amount of punitive damages, as the statute requires, to avoid prejudice to the defendant. Because the punitive damages statute precludes trial courts from separating compensatory and punitive damages claims in a bifurcated trial, we urge the Georgia General Assembly to reconsider the mandatory nature of the procedure established in OCGA § 51-12-5.1.

Until the legislature amends the law, however, both trial and appellate courts must seek to reconcile the statutory requirement of bifurcation of the punitive damages issues with the ruling in *Moore v. Thompson* that prior similar acts are relevant to the issue of liability for punitive damages. Rather than adopt a bright-line rule, we conclude that the best way to guarantee a fair trial and ensure judicial economy is to continue to give the trial judge discretion on when to admit the evidence of prior and subsequent acts. The general rule is that trial judges may exercise discretion in excluding relevant evidence if its probative value is substantially outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice.[18] In making their decision, trial courts should consider the potential prejudice to the parties, the complexity of issues and the potential for jury confusion, and the relative convenience, economy, or delay that may result.[19]

We prefer this balancing test because there is too wide a range of factual situations to fashion one rule on the admissibility of similar act evidence in tort actions. Punitive damages have been allowed not only in DUI cases but also in malpractice,[20] products liability,[21] tortious interference with contract,[22] and negligence actions, including

---

[18] See *Goss v. Total Chipping*, 220 Ga. App. at 644.
[19] See *Zawistowski v. Kissinger*, 466 NW2d 664 (Wis. Ct. App. 1991), quoted in 1 Ghiardi, supra, note 7, § 12.07.
[20] See, e.g., *Hoffman v. Wells*, 260 Ga. 588 (397 SE2d 696) (1990).
[21] See, e.g., *Mack Trucks, Inc. v. Conkle*, 263 Ga. 539 (436 SE2d 635) (1993).
[22] See, e.g., *McClure v. Gower*, 259 Ga. at 684.

assault,[23] speeding,[24] and dog bite cases. [25]

Even within DUI cases, different facts prevent the articulation of a single rule. There is, for example, a difference between a defendant who has been convicted of one prior DUI in which no person was injured, as occurred in this case, and a defendant who has been convicted of two prior DUIs and two subsequent DUIs that involved injuries, as occurred in *Moore v. Thompson*. We believe that trial courts should have the flexibility to manage their trials and rule on the admissibility of evidence based on the particular facts of the case before them.

## TRIFURCATED PROCEEDINGS

2. Since 1994, three court of appeals' opinions have endorsed the trifurcation concept as the preferred procedure for ensuring a fair trial on punitive damages.[26] Their rationale is that the jury has the opportunity to determine whether the defendant should be assessed punitive damages based on all the relevant evidence, but without confusion or prejudice to the defendant.[27] In this case, however, both Webster and Boyett agreed to a bifurcated trial and criticize the trifurcated proceeding as "little more than a meaningless procedural gesture."

Although we agree with the court of appeals that trifurcation is an option for trial courts to consider, we disagree that they should employ a trifurcated procedure "in most cases."[28] It is the rare case where, due to the complexity of the issues or evidence, the trial court should divide the trial into three separate phases.[29] First, although not completely devoid of purpose, a third phase expends limited judicial resources by requiring the judge and jury to hear evidence and render a verdict in three separate proceedings. Second, the liability issues, witnesses, and evidence on both compensatory and punitive damages often may not differ substantially, thus eliminating the desire for two separate phases on liability. Third, in routine cases where there is less likelihood of confusion, a limiting instruction may adequately protect the defendant from the prejudicial effect of the similar act evidence. Finally, the trial courts in most tort actions

---

[23] See, e.g., *Dimarco's, Inc. v. Neidlinger*, 207 Ga. App. 526 (428 SE2d 431) (1993).

[24] See, e.g., *Harrison v. S&B Trucking*, 179 Ga. App. 291, 292 (346 SE2d 101) (1986).

[25] See, e.g., *Parsons v. Ponder*, 161 Ga. App. 723, 724-725 (288 SE2d 751) (1982) (punitive damages allowed where dog owner allowed dog to run at large despite previous attacks on human beings and county orders to quarantine the dog).

[26] See *Boyett*, 224 Ga. App. at 846-847; *Goss v. Total Chipping*, 220 Ga. App. at 646; *General Motors Corp. v. Moseley*, 213 Ga. App. at 887-888.

[27] See *Boyett*, 224 Ga. App. at 847.

[28] Id.

[29] See, e.g., *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996).

have been able to ensure a fair trial by applying the balancing test, despite their contrary rulings on when the evidence is admissible.

Contrary to the court of appeals, we conclude that the trial court did not abuse its discretion in this case. Balancing the probative value of the prior DUI on the issue of punitive damages against its prejudicial effect on the issue of Webster's liability in this negligence action, we hold that the trial court did not abuse its discretion in ruling that the evidence of Webster's prior DUI was inadmissible during the liability phase of this trial. There was conflicting testimony on the issue of liability for the accident, Webster had no subsequent DUI convictions and just one prior conviction, and his prior conviction had not caused any injury. In addition, we hold that the trial court did not abuse its discretion in refusing to separate the issues of liability and damages for the underlying tort from the issue of liability for punitive damages. This action was a routine personal injury case involving two individuals in an automobile accident. The trial court followed the bifurcation procedure outlined in the punitive damages statute and approved by the court of appeals in prior cases. It was not required to adopt additional procedures to safeguard the rights of both parties to a fair trial.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 2, 1998 —
RECONSIDERATION DENIED MARCH 13, 1998.

*Self, Mullins, Robinson, Marchetti & Kamensky, Richard A. Marchetti, Deron R. Hicks,* for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, William J. Mason,* for appellee.