A00A2353. WAGNER v. PIERCE.
(545 SE2d 408)

BLACKBURN, Chief Judge.

Following a defense verdict, Jonathan Wagner appeals the trial court's order denying his motion for new trial. Wagner brought the underlying tort action seeking to recover damages for personal injuries resulting from the collision of two jet skis on the open waters of Lake Lanier. The collision occurred as he and his friend, Curtis Pierce, were operating their separate jet skis. Alleging that Pierce had been jumping waves and operating his jet ski in a negligent and reckless manner, Wagner sued Pierce. For the reasons set forth below, we affirm the denial of Wagner's motion for new trial.

1. Wagner contends that the verdict is contrary to the law and strongly against the weight of the evidence. Claiming that the evidence does not support the jury's verdict, he cites various inconsis-

tencies in the testimony.

On appeal, the evidence must be strongly construed to support the jury's verdict and the judgment entered thereon. *Walker v. Bruno's, Inc.*[1] Absent an error of law, if there is any evidence to support that judgment, it must be affirmed. *CSX Transp. v. West.*[2] Viewed in that light, the evidence established that Wagner accepted an invitation from Pierce to go jet skiing. While Wagner and Pierce were operating their respective jet skis in choppy waters, Wagner and Pierce proceeded under a bridge. Deciding to jump a wake created by a passing boat, Wagner suddenly crossed into Pierce's path. As Wagner struggled to maintain his balance, he inadvertently activated the kill switch on his jet ski. Seconds later, while Wagner's jet ski remained stalled in the water, Pierce's jet ski collided with Wagner's, injuring Wagner.

Pierce offered evidence that prior to getting on his jet ski, Wagner had been consuming beer.[3] The evidence of negligence on the part of both men was conflicting and mixed.

Wagner conceded that when he crossed in front of Pierce, he had not been paying attention to the whereabouts of Pierce. Wagner admitted that he did not realize how close he was to Pierce when he decided to jump the wake immediately ahead of Pierce. Although Wagner believed that Pierce had time to avoid the impact, Pierce claimed otherwise. Pierce testified that Wagner "cut across my bow," hit the wake created by a passing boat and killed the engine. Pierce testified that there was "nothing whatsoever" he could have done and he had no time to turn or avoid the accident. Even Wagner's own witness, Karen Thompson, who was watching from a nearby boat, testified that she did not think that Pierce had enough time to turn his jet ski to avoid the collision.

This evidence did not demand a finding of liability against Pierce. See *Porter v. Southern R. Co.*[4] On the contrary, the jury had to resolve, who, if anyone, had been negligent and if both had been negligent whether Wagner's negligence equaled or exceeded that of Pierce. See *Kirkland v. Moore.*[5] On the verdict form, the jury expressly determined that Wagner had been 50 percent or more negligent. Because there is some evidence to support the verdict, we will not disturb the judgment entered on it. *Bldg. Materials Wholesale v.*

---

[1] *Walker v. Bruno's, Inc.*, 228 Ga. App. 589 (492 SE2d 336) (1997).

[2] *CSX Transp. v. West*, 240 Ga. App. 209, 210 (1) (523 SE2d 63) (1999).

[3] Both young men had been drinking beer before going out onto the lake and also while they were boating. At the time of the incident, Wagner was age twenty, and Pierce was about two years older.

[4] *Porter v. Southern R. Co.*, 73 Ga. App. 718, 721 (1) (37 SE2d 831) (1946).

[5] *Kirkland v. Moore*, 128 Ga. App. 34, 35 (195 SE2d 667) (1973).

*Reeves.*[6]

2. Wagner contends that the trial court's instruction on comparative negligence was not a correct statement of law and was confusing to the jury. The record, however, indicates that Wagner did not object to the court's instruction on comparative negligence. By failing to object to this charge, Wagner failed to preserve the issue for appellate review. *Smith v. Curtis.*[7] In any event, the trial court used the pattern instructions on equal negligence and comparative negligence. These charges appear to have been adjusted to the evidence and were not confusing or misleading to the jury when examined in light of the other charges and the evidence. See *Westinghouse Elec. Corp. v. Rider.*[8]

3. Wagner asserts that the trial court's response to a question posed by the jury about comparative negligence was inadequate. He claims that the trial court failed to clarify the law or to eliminate the jury's apparent confusion.

After the jury had deliberated the case, the foreman submitted this handwritten question to the court:

> If we the jury find the Plaintiff was *less* than 50% comparatively negligent and award Plaintiff $_____ dollars, which amount has been reduced proportionally, does this mean that if we find the Plaintiff 49% negligent does that imply the defendant is liable for 51% of the total expenses for injuries or could we choose a figure less than 51%[?]

Outside the presence of the jury, the trial court consulted with counsel for both sides. The court then recharged the jury by rereading the pattern jury instructions for equal negligence and comparative negligence. Wagner posed no objection to this procedure. Even assuming arguendo that the purported error was not waived, we find no error. See *Allstate Ins. Co. v. Justice.*[9]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 7, 2001.

---

[6] *Bldg. Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993).
[7] *Smith v. Curtis*, 226 Ga. App. 470, 471 (1) (486 SE2d 699) (1997).
[8] *Westinghouse Elec. Corp. v. Rider*, 168 Ga. App. 136, 139 (3) (308 SE2d 378) (1983).
[9] *Allstate Ins. Co. v. Justice*, 229 Ga. App. 137, 140 (3) (493 SE2d 532) (1997).

*James B. Drew, Jr.*, for appellant.
*Duncan & Mangiafico, Tammi M. Berden*, for appellee.