A04A0550. ROBINSON et al. v. ELLIS.
(601 SE2d 426)

MILLER, Judge.

Following jury awards of compensatory and punitive damages in their favor, Lonnie and Barbara Robinson appeal. On appeal they contend that (1) the jury's punitive damages award in their favor was erroneously contradictory and inadequate because different amounts were awarded to each of them, and (2) the trial court erred in allowing the defendant to testify regarding her husband's death and her ill father, and preventing them from presenting evidence regarding the defendant's past drinking history on cross-examination. We discern no error and affirm.

[33] *Johnson v. State*, 251 Ga. App. 489, 490 (1) (554 SE2d 612) (2001), quoting *Bennett v. State*, 244 Ga. App. 149, 150-151 (1) (534 SE2d 881) (2000).

The record reveals that the Robinsons were injured in a car accident when a car driven by Faye Rochell Ellis crashed into a trailer attached to the back of the Robinsons' van, causing their van to flip onto its side. Since Ellis admitted liability and further admitted that she was under the influence of alcohol at the time of the accident, the parties agreed to a trifurcated trial proceeding, with phase one dealing only with compensatory damages, phase two being devoted to whether punitive damages should be awarded, and phase three dealing with the amount of punitive damages to be awarded.

In phase one, the jury awarded the Robinsons $30,000 each in compensatory damages and awarded Mr. Robinson an additional $1,752.08 for his medical bills and an additional $1,706.40 to Mrs. Robinson for her medical bills.

In phase two, the Robinsons desired to introduce evidence from Ellis's deposition in which Ellis testified that she sometimes drank when she drove and that the accident with the Robinsons was not the first time that Ellis had consumed alcohol before driving. However, the court refused to allow this evidence, reasoning that (1) drinking in and of itself was not a crime, (2) Ellis had never been charged with DUI in the past, and (3) absent evidence that Ellis had driven *under the influence* or to the extent that it was less safe for her to drive in the past, or Ellis somehow opened the door at trial to relevant evidence of her prior drinking, the evidence should be excluded since it was far more prejudicial than probative.

However, the trial court did allow Ellis's attorney to ask Ellis the following questions on direct examination, over objection from the Robinsons' counsel:

Q: Are you married or single?
A: I'm a widow.
Q: When did your husband pass away?
A: A couple years ago.
Q: Where did you live at the time your husband died?
A: I lived in Matthews[, North Carolina].

Additionally, despite the fact that the Robinsons' counsel objected to Ellis giving any testimony regarding her father being ill, Ellis mentioned on cross-examination that she had been spending a lot of time with her father recently because he had cancer and was very ill. Ellis did not make any mention of her father's illness during her direct examination.

The jury found that the Robinsons were entitled to punitive damages. With the Robinsons' counsel's consent, the court provided the jury with two verdict forms for the punitive damages award,

reasoning that the jury could, in theory, provide two different punitive damages awards because there were two plaintiffs in the case. The jury awarded Mr. Robinson $2,680 in punitive damages and awarded Mrs. Robinson $4,020 in punitive damages. Following the denial of their motion to set aside the punitive damages award, the Robinsons appeal.

1. In two enumerations, the Robinsons contend that the jury's punitive damages award was erroneously contradictory and inadequate because different amounts were awarded to each plaintiff. However, the record reveals that the Robinsons' counsel consented to the court giving the jury separate punitive damages verdict forms to account for different amounts of punitive damages that the jury might want to award to each plaintiff. Thus, to the extent that there was any error in the manner in which punitive damages were awarded or the damages were somehow inadequate based on the jury being allowed to use separate verdict forms for each plaintiff, such errors were induced by the Robinsons' counsel's actions, and the Robinsons will not be heard to complain of the results here. *Wallace v. Swift Spinning Mills*, 236 Ga. App. 613, 617 (2) (511 SE2d 904) (1999) ("It is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing.") (citations and punctuation omitted).

2. The Robinsons argue that the trial court erred in (a) excluding evidence of Ellis's prior history of drinking while driving, and (b) allowing Ellis to testify to the fact that her husband had died nearly two years before the accident at issue and that her father was ill. We disagree.

The admission or exclusion of evidence, which has been objected to on relevancy grounds and relates to liability for punitive damages, is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Langlois v. Wolford*, 246 Ga. App. 209, 212 (2) (539 SE2d 565) (2000).

(a) Although evidence of Ellis having prior DUI offenses in her record would have been admissible to show whether aggravating circumstances existed that would justify an award of punitive damages (see *Langlois*, supra, 246 Ga. App. at 213 (2) (a), (b); see also *Holt v. Grinnell*, 212 Ga. App. 520, 521-522 (441 SE2d 874) (1994)), here there was no evidence that Ellis had any prior DUI offenses in her record. There was also no evidence that Ellis had previously consumed alcohol and driven while she was legally intoxicated as defined by law. We find no abuse of discretion in the trial court's exclusion of evidence relating to Ellis's prior alcohol consumption, as the prejudicial nature of such evidence outweighed its probative value at the second phase of the trial. Cf. *Webster v. Boyett*, 269 Ga. 191, 195 (1)

(496 SE2d 459) (1998) (trial judge has discretion to exclude evidence of prior acts relevant to issue of punitive damages when probative value of such evidence is substantially outweighed by risk that its admission will mislead the jury, confuse the issue, or create substantial danger of undue prejudice).

(b) The Robinsons argue that Ellis's passing references to her status as a widow and her father's illness were irrelevant and prejudicial in that they evoked undue sympathy for Ellis at trial. However, the record reveals that the reference to Ellis's deceased husband was merely made as part of the background information about Ellis that was elicited on direct examination, and that the reference to Ellis's sick father was elicited by *their* counsel, not Ellis's counsel. Indeed, the references bore some relevance to Ellis's financial circumstances (i.e., absence of contributing income of her husband and having to take care of a sick relative), which is an entirely appropriate matter of inquiry in the punitive damages phase of trial. See, e.g., *J. B. Hunt Transp. v. Bentley*, 207 Ga. App. 250, 258 (5) (427 SE2d 499) (1992). We hold that the trial court did not abuse its discretion in admitting this evidence.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 21, 2004 —

*Savage & Turner, Robert B. Turner, Spurlin & Spurlin, John C. Spurlin*, for appellants.

*Martin Kent, A. Martin Kent, Catherine M. Duke, Elizabeth A. White*, for appellee.