A08A0185. MILLER et al. v. COLE et al.

(657 SE2d 585)

BLACKBURN, Presiding Judge.

Following a jury trial, plaintiffs Connie and Gary Miller appeal the judgment in favor of defendants Harvey Cole, M.D., and Atlanta Oculoplastic Surgery, P.C., on their malpractice claim, arguing that the trial court erred in granting defendants' motion in limine to exclude expert testimony that Dr. Cole breached the standard of care in performing two prior surgeries on Connie Miller, which occurred three years before the surgery at issue and as to which any claims were time-barred. For the reasons set forth below, we affirm.

Viewed in support of the jury's verdict, *Wagner v. Pierce*,[1] the record shows that Mrs. Miller suffers from an auto-immune illness that affects the thyroid gland known as Graves' disease. As a result, in 1994, she began to experience swelling of the tissue behind her eyes, which caused her eyelids to retract and her eyes to bulge.[2] She was treated for this symptom by Dr. Clinton McCord, an ophthalmic plastic surgeon, who performed corrective surgery on the eyelids of both of her eyes. In 1997, Mrs. Miller again suffered retraction of her right eyelid. Dr. McCord advised additional surgery to repair the lower part of that eyelid; however, Mrs. Miller instead decided to consult with Dr. Cole, who also practices ophthalmic surgery. Dr. Cole recommended that she undergo a surgical procedure known as an orbital decompression, which reduces the bulging eye symptom by removing bone from the orbital socket, thereby allowing the eye and surrounding tissue to sit farther back within the orbit. Mrs. Miller consented, and in July and September 1998, Dr. Cole performed decompression surgery on her right and left eyes respectively.

Not long after the 1998 surgeries, Dr. Cole recommended that Mrs. Miller undergo a second orbital decompression on her right eye because, in his opinion, that eye had not decompressed as well as hoped. Mrs. Miller eventually consented, and, in February 2001, Dr. Cole performed a second orbital decompression on her right eye. However, as a result of this surgery, Mrs. Miller's right eye receded

---

[1] *Wagner v. Pierce*, 247 Ga. App. 882, 883 (1) (545 SE2d 408) (2001).

[2] This symptom is common amongst those diagnosed with Graves' disease and is known in medical terms as proptosis.

too far back into the orbital socket, rendering it sunken in appearance. To correct this outcome, Dr. Cole recommended that she undergo another surgical procedure, involving the insertion of an implant into the orbital socket to elevate her right eye. Mrs. Miller allowed Dr. Cole to perform the surgery; however, following the procedure, she suffered additional complications, including numbness, double vision, and loss of taste and smell. Over the next couple of years, Mrs. Miller underwent three more surgeries to resolve these complications, none of which was performed by Dr. Cole.

In February 2003, the Millers filed a medical malpractice action against Dr. Cole, alleging that Mrs. Miller suffered damages as a result of Dr. Cole's negligent performance of the second orbital decompression on her right eye in 2001 and of the implant surgery a month later. During discovery, Dr. McCord was deposed and testified that all of the orbital decompressions that Dr. Cole performed on Mrs. Miller breached the standard of care, including the 1998 surgeries, which occurred outside of the relevant statute of limitation and thus could not serve as the basis for any malpractice claim.[3] Specifically, Dr. McCord testified that Mrs. Miller's proptosis was not severe enough to warrant orbital decompression and therefore Dr. Cole's recommendation of such surgery was not medically justified. Dr. Cole moved in limine to exclude the Millers' experts, including Dr. McCord, from testifying that Dr. Cole breached the standard of care in performing the 1998 surgeries on the ground that admitting such testimony would allow the Millers to implicitly assert time-barred claims. A hearing was held on the issue, after which the trial court granted Dr. Cole's motion in limine, ruling that evidence as to the 1998 surgeries could be introduced as part of the examination of Mrs. Miller's medical history but that any expert testimony that the surgeries breached or met the standard of care would be excluded. Shortly thereafter, the trial court issued a written order to this effect. The case was tried, and the jury delivered a verdict in favor of Dr. Cole. This appeal followed.

In their sole enumeration of error, the Millers contend that the trial court erred in granting Dr. Cole's motion in limine to exclude expert testimony that he breached the standard of medical care in performing the 1998 orbital decompression surgeries on Mrs. Miller. Specifically, they argue that in excluding their experts from testifying that those surgeries were not medically justified, the trial court erroneously employed the statute of limitation as a rule of evidence

---

[3] OCGA § 9-3-71 (a) provides that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." The Millers do not dispute that any claims which may have arisen from the 1998 surgeries are time-barred.

and hindered their ability to prove that the 2001 orbital decompression was also not medically justified. We disagree.

"The admission of evidence lies within the sound discretion of the trial court." (Punctuation omitted.) *Monroe v. Hyundai Motor America.*[4] Absent an abuse of discretion, a trial court's decision regarding whether to admit or exclude evidence will not be disturbed. Id. Furthermore, "[a] trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Punctuation omitted.) *Redfearn v. Huntcliff Homes Assn.*[5]

Contrary to the Millers' contention, the trial court did not misuse the statute of limitation as a rule of evidence in support of its decision to exclude expert testimony that the 1998 surgeries performed by Dr. Cole constituted a breach of the standard of care. In fact, at the hearing on Dr. Cole's motion in limine, the trial court specifically agreed with the Millers' counsel that the statute of limitation could not bar evidence of prior events and acts.

Moreover, the trial court stated that it would allow the facts relating to Mrs. Miller's medical history, including the 1998 surgeries, to be fully examined and would also allow evidence as to how her medical history impacted the 2001 orbital decompression surgery. However, the court warned that it would not allow either of the parties' experts to specifically testify as to whether the 1998 surgeries were medically justified and thus whether those surgeries breached the standard of care. The trial court reasoned that to do otherwise would prejudice Dr. Cole's defense and explained as follows:

> I'm allowing you to go into her medical history. It is always relevant. The issue before the jury is whether this doctor committed medical negligence in 2000 [sic]. Her history is germane to it. . . . But not opinions as to whether [the 1998 surgery] was malpractice. That's where I'm drawing the line. That's where I'm drawing the line. I am absolutely confident I am right on that. Otherwise, I am bootstrapping and trying a '98 case that is time barred into this litigation and I'm not going to do it. I'm not going to do it.

The trial court's order entered on this issue reiterated this reasoning. Given that admitting expert testimony that Dr. Cole breached the

---

[4] *Monroe v. Hyundai Motor America*, 270 Ga. App. 477, 479 (606 SE2d 894) (2004).
[5] *Redfearn v. Huntcliff Homes Assn.*, 260 Ga. App. 150, 156 (1) (a) (579 SE2d 37) (2003).

standard of care in performing the 1998 surgeries would have arguably forced Dr. Cole to defend against time-barred malpractice claims, "the trial court was authorized to conclude that the substantially prejudicial impact of the evidence far outweighed any probative value." *Kicklighter v. Woodward*[6] (plaintiff could introduce evidence that she paid estate's debt but was excluded from introducing evidence of exact nature of debt because of prejudicial effect and potential to mislead the jury into awarding reimbursement of a debt which was barred by the statute of limitation). See *Robinson v. Ellis*.[7] Accordingly, we cannot say that the trial court abused its discretion in granting Dr. Cole's motion in limine to exclude expert testimony that he breached the standard of care in performing the 1998 surgeries on Mrs. Miller.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 1, 2008.

*Powell & Goldstein, Nicole J. Wade, Katherine V. Hernacki*, for appellants.

*Peters & Monyak, Jonathan C. Peters, Jeffrey S. Bazinet*, for appellees.

---

[6] *Kicklighter v. Woodward*, 267 Ga. 157, 161 (4) (476 SE2d 248) (1996).

[7] *Robinson v. Ellis*, 268 Ga. App. 52, 54 (2) (a) (601 SE2d 426) (2004).